1  Dan Lawton (State Bar No. 127342)
   Joseph C. Kracht (State Bar No. 228507)
2  Matt Valenti (State Bar No. 253978)
   LAWTON LAW FIRM
3  550 West C Street, Suite 1400
   San Diego, CA  92101
4  (619) 595-1370
   (619) 595-1520 (Telefacsimile Number)
5  dlawton@lawtonlaw.com (electronic mail)

6  Attorneys for Plaintiff AntiCancer, Inc.

7

8                IN THE UNITED STATES DISTRICT COURT

9                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 ANTICANCER, INC., a California       )  Case No. 07-CV-2294-L (BLM)
   corporation,                         )
12                                      )  REPORT OF RULE 26(f) CONFERENCE
            Plaintiff,                  )  AND DISCOVERY PLAN
13                                      )
   v.                                   )  Date:  March 10, 2008
14                                      )
   TECO DIAGNOSTICS, a California       )
15 corporation; KC CHEN, a natural person; )
   TONG CHIAH, a natural person; JIAN   )
16 YANG VAECHES, a natural person; and  )
   DOES 1-30,                           )
17                                      )
            Defendants.                 )
18                                      )
                                        )
19 _____ )

20       The parties hereby respectfully submit their Joint Status Report and 26(f) report

21 pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order for Early Neutral

22 Evaluation Conference filed February 4, 2008.

23 I.     SETTLEMENT EFFORTS.

24       Both parties have met and discussed settlement options.  The discussions are still on-

25 going.

26 II.    INITIAL DISCLOSURES.

27       Both parties will make their initial disclosures on March 10, 2008.

28 ///

Case No. 07CV2294L(BLM)

## III. DISCOVERY.

The parties propose the following discovery plan:

Plaintiff and Defendants will make their initial disclosures on March 10, 2008, the deadline ordered by the Magistrate Judge.

Discovery will be needed on the following subjects: as to the patent claims, prosecution, validity, enforceability, infringement, products, and damages. As to the remaining State law-based contractual and tort claims, the merits of plaintiff's claims (and defendants' defenses pertinent to those claims), including without limitation defendants' alleged misappropriation of trade secrets; intentional interference with prospective economic advantage; unfair competition; fraud and deceit; breach of contract; and the profits earned by defendants.

Disclosure or discovery of electronically stored information ("ESI") should be handled in good faith. Production of ESI may be, but is not required to be, made in native format in or on electronic media including CD-ROMs and/or flash drives.

The parties agree to a stipulated protective order in the form approved by the Court and reflected in Appendix A to the Patent Local Rules.

The parties have not agreed to any form of order regarding claims of privilege or protection as to trial-preparation material asserted after production.

All discovery and other deadlines per the dates by the Magistrate Judge in her Case Management Order following the Case Management Hearing.

A maximum of 35 interrogatories per patent and 35 general interrogatories, by each party to any other party.

The parties agree that there shall be no limit on the number of requests for admissions except as may be ordered by the Court after application by a party.

No agreement as yet on maximum number of depositions.

Plaintiff believes each English language deposition should be limited to a single seven-hour day except as otherwise agreed by all parties or otherwise ordered by the Court.

Reports from retained experts (and supplementation thereof) to be due on such dates as the Magistrate Judge orders in her Case Management Order.

IV. PATENT LOCAL RULES

2.1(b)(1). The parties propose no modifications to the Patent Local Rules.

2.1(b)(2) The parties agree to the presentation of tutorials informing the Court about the science and technology involved in this patent action. Plaintiff does not believe any tutorial should be presented via live witness testimony.

2.1(b)(3) Plaintiff does not detect the need for discovery relating to claim construction beyond the pertinent patents and specifications nor any depositions concerning the same.

2.1(b)(4) The parties agree that the order of presentation at the Claim Construction Hearing may be as follows: (1) plaintiff's science/technology tutorial; (2) defendants' science/technology tutorials; (3) plaintiff's claim construction argument; (4) defendants' claim construction arguments.

Respectfully submitted,

Dated: March 10, 2008   LAWTON LAW FIRM

By:   s/Matt Valenti
Matt Valenti
Attorney for Plaintiff AntiCancer, Inc.

Dated: March 10, 2008   LAW OFFICES OF YUCHING HUANG

By:   s/Yuching Huang
Yuching Huang
Attorney for Defendant Teco Diagnostics, KC Chen, Tong Chiah, and Jian Yang Vaeches