1 | Peter J. Bezek (SBN 102310)
2 | Roger N. Behle, Jr., Esq. (SBN 174755)
  | **FOLEY BEZEK BEHLE & CURTIS, LLP**
3 | 575 Anton Blvd., Suite 710
  | Costa Mesa, CA 92626
4 | Telephone (714) 556-1700
  | Facsimile: (714) 546-5005
5 | pbezek@foleybezek.com; rbehle@foleybezek.com

6 | Attorneys for Defendants
  | TECO DIAGNOSTICS, a California Corporation; KC CHEN, TONG CHIAH,
7 | a natural person; TONG CHIAH, a natural person and JIAN YANG VAECHES,
  | a natural person

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC. a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>TECO DIAGNOSTICS, a California Corporation; KC CHEN, a natural person; TONG CHIAH, a natural person; JIAN YANG VAECHES, a natural person; and DOES 1 through 30, Inclusive,<br><br>Defendants. | CASE NO: 07CV2294-L(BLM)<br><br>Judge: M. James Lorenz<br>Magistrate: Barbara L. Major<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE [28 U.S.C. §1406(a); FED. R. CIV. P. 12(b)(3)]**<br><br>DATE:      June 23, 2008<br>TIME:      10:30 a.m.<br>COURTROOM: 14 |

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on June 23, 2008, at 10:30 a.m., or as soon thereafter as this matter may be heard by and before Judge M. James Lorenz, in Courtroom 14 of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California, Defendants Teco Diagnostics, KC Chen, Tong Chiah, and Jian Yang Vaeches ("Defendants") shall move this Court for an order to dismiss this case, or in the

NOTICE OF MOTION AND MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

alternative, to transfer this case to the United States District Court for the Central District of California (hereinafter the "Motion").

This Motion is made pursuant to 28 U.S.C. §1406(a), Fed. R. Civ. P. 12 (b)(3), and 28 U.S.C. §1400(b). The Motion is made on the grounds that Plaintiff, AntiCancer, Inc. ("Plaintiff"), should not have filed this case in the Southern District[1] as venue is not proper in this district. Plaintiff relies upon 28 U.S.C. §1391[2] to lay venue in the Southern District. However, Plaintiff's reliance upon 28 U.S.C. §1391 is misplaced. Venue determinations in patent infringement cases are governed by 28 U.S.C. §1400(b). Under that statute, patent infringement cases may only be brought where (1) the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business.[3] As Plaintiff has named both individual and corporate defendants in its lawsuit, the venue test set forth in 28 U.S.C. §1400(b) must be satisfied as to the individual defendants.[4] As set forth herein and in the accompanying Memorandum of Points and Authorities, the venue test cannot be satisfied in the Southern District for the following reasons:

(1) None of the individual defendants reside in the Southern District;

(2) None of the individual defendants has committed acts of infringement in the Southern District nor do they have "regular and established" places of business in the Southern District.

---

[1] All references to the "Southern District," the "Central District," and the "Northern District" herein shall mean the United States District Court, Southern District of California, the United States District Court, Central District of California, and the United States District Court, Northern District of California, respectively.

[2] Declaration of Roger N. Behle, Jr. ("Behle Decl."), ¶8, Exhibit C, Plaintiff's Second Amended Complaint ("SAC") at ¶3.

[3] 28 U.S.C. §1400(b).

[4] Cytomedix, Inc. v. Bennett, 299 B.R. 878, 880 (D. Ill. 2003).

Defendants have preserved their objection to venue, having timely raised the same as an affirmative defense in their answer to the SAC.[5] Moreover, this case is in its early stages.[6] The parties have not yet conducted formal discovery.[7] Thus, dismissal or transfer of the case at this juncture would not delay the ultimate resolution of the action, nor would it be unduly burdensome on the parties, nor would it result in a waste of resources already expended by the parties and/or the Court.[8]

Finally, counsel for Defendants has met and conferred with counsel for Plaintiff, and has requested that Plaintiff stipulate to transfer the case to the Central District or, alternatively, that Plaintiff provide support for its decision to file in the Southern District.[9] Counsel for Plaintiff refused to stipulate to the transfer, claiming that Defendants had waived their right to challenge venue. Further, counsel for Plaintiff did not provide any explanation or support for his decision to file in the Southern District.[10]

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Roger N. Behle, Jr., Tong Chiah, Stephen Chen, and Jian Yang Vaeches, the pleadings and records on file in this matter, and such additional oral argument and documentary evidence as may be presented and considered at the time of the hearing on this Motion.

Dated: April 25, 2008

FOLEY BEZEK BEHLE & CURTIS, LLP

s/Roger N. Behle, Jr.
Roger N. Behle, Jr.
Attorneys for Defendants.

---

[5] Fed. R. Civ. P. 12(b),(h); Behle Decl., ¶9, Exhibit D, Defendants' Answer to SAC at ¶4.

[6] Behle Decl., ¶10.

[7] Id.

[8] Apache Prods. Co. v. Employers Ins., 154 F.R.D. 650, 657 (S.D. Miss. 1994) (the court cannot conclude that the delay in requesting transfer, standing alone, presents a sufficient basis upon which to deny transfer).

[9] Behle Decl., ¶6, Exhibit A.

[10] Behle Decl., ¶7, Exhibit B.

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

The undersigned hereby certifies that all counsel of record in the *Anticancer, Inc. v. Teco Diagnostics,* Case No. 07CV2294L (BLM), who are deemed to have consented to electronic service, are being served this 29th day of April, 2008, with a copy of this document: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE [28 U.S.C. §§1406(a); FED. R. CIV. P. 12(b)(3)** via the Court's CM/ECF as follows:

Dan Lawton, Esq.
Joseph C. Kracht, Esq.
Matt Valenti, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA  92101
619-595-1520 Facsimile

☐ **BY HAND DELIVERY**: I personally delivered a true copy of the above-referenced document(s) to the person(s) listed above.

☐ **BY OVERNIGHT DELIVERY**: I am familiar with the practice at my place of business for collection and processing of documents for overnight delivery with an overnight courier service. The above-referenced document(s) will be placed in an envelope, addressed to the person(s) listed above, sealed, and placed for collection and delivery the next business day with fees fully prepaid in accordance with ordinary business practices.

■ **BY FACSIMILE**: I caused the above-referenced document(s) to be served on the person(s) listed above by facsimile and from Foley Bezek Behle & Curtis, LLP's facsimile machine no. (714) 546-5005.

☐ **BY E-MAIL**: I submitted an electronic version of the above-referenced document(s) to the person(s) whose e-mail address(es) is/are known to me as listed above.

■ **BY MAIL**: I am familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. The

above-referenced document(s) will placed in an envelope, addressed to the person(s) listed above, sealed, and deposited with the United States Postal Service with postage fully prepaid in accordance with the ordinary course of business.

■ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ **(STATE)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I certify that all parties in this case that have made an appearance are represented by counsel who are CM/ECF participants who have consented to electronic service.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Dated: April 29, 2008                FOLEY BEZEK BEHLE & CURTIS, LLP

                                    s/Roger N. Behle, Jr.
                                    Roger N. Behle, Jr.
                                    Attorneys for Defendants.