Peter J. Bezek (SBN 102310)
Roger N. Behle, Jr., Esq. (SBN 174755)
**FOLEY BEZEK BEHLE & CURTIS, LLP**
575 Anton Blvd., Suite 710
Costa Mesa, CA 92626
Telephone (714) 556-1700
Facsimile: (714) 546-5005
pbezek@foleybezek.com; rbehle@foleybezek.com

Attorneys for Defendants
TECO DIAGNOSTICS, a California Corporation; KC CHEN, TONG CHIAH, a natural person; TONG CHIAH, a natural person and JIAN YANG VAECHES, a natural person

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC. a California Corporation<br><br>Plaintiff,<br>vs.<br><br>TECO DIAGNOSTICS, a California Corporation; KC CHEN, a natural person; TONG CHIAH, a natural person; JIAN YANG VAECHES, a natural person; and DOES 1 through 30, Inclusive,<br><br>Defendants. | CASE NO: 07CV2294-L(BLM)<br><br>Judge: M. James Lorenz<br>Magistrate: Barbara L. Major<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE [28 U.S.C. §1406(a); FED. R. CIV. P. 12(b)(3)]**<br><br>DATE:     June 23, 2008<br>TIME:     10:30 a.m.<br>COURTROOM: 14 |

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

DEFENDANTS, TECO DIAGNOSTICS, KC CHEN, TONG CHIAH AND JIAN YANG VAECHES ("Defendants") hereby submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss, or in the Alternative, to Transfer this Case for Improper Venue (the "Motion").

1

Case No. 07 CV2294-L (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, AntiCancer, Inc. ("Plaintiff"), should not have filed this case in the Southern District,[1] as venue is not proper in this district. Plaintiff relies upon 28 U.S.C. §1391[2] to lay venue in the Southern District. However, Plaintiff's reliance upon 28 U.S.C. §1391 is misplaced. Venue determinations in patent infringement cases are governed by 28 U.S.C. §1400(b). Under that statute, patent infringement cases may only be brought where (1) the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business.[3] Plaintiff has named individuals as defendants in its lawsuit; therefore, the venue test set forth in 28 U.S.C. §1400(b) must be satisfied as to the individual defendants.[4] As set forth herein and in the accompanying Memorandum of Points and Authorities, the venue test cannot be satisfied in the Southern District for the following reasons:

(1)   None of the individual defendants reside in the Southern District;

(2)   None of the individual defendants has committed acts of infringement in the Southern District nor do they have "regular and established" places of business in the Southern District.

Defendants have preserved their objection to venue, having timely raised the same as an affirmative defense in their answer to the SAC.[5] Moreover, this case is in its early stages.[6] The

---

[1]   All references to the "Southern District," the "Central District," and the "Northern District" herein shall mean the United States District Court, Southern District of California, the United States District Court, Central District of California, and the United States District Court, Northern District of California, respectively.

[2]   Declaration of Roger N. Behle, Jr. ("Behle Decl."), ¶8, Exhibit C, Plaintiff's Second Amended Complaint ("SAC") at ¶3.

[3]   28 U.S.C. §1400(b).

[4]   Cytomedix, Inc. v. Bennett, 299 B.R. 878, 880 (D. Ill. 2003).

[5]   Fed. R. Civ. P. 12(b),(h); Behle Decl., ¶9, Exhibit D, Defendants' Answer to SAC at ¶4.

2

Case No. 07 CV2294-L (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

parties have not yet conducted formal discovery.[7] Thus, dismissal or transfer of the case at this juncture would not delay the ultimate resolution of the action, nor would it be unduly burdensome on the parties, nor would it result in a waste of resources already expended by the parties and/or the Court.[8]

## II. ARGUMENT

### A. Defendants Timely Preserved their Objection to Venue

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12 permits a defendant to raise improper venue either by motion or by affirmative defense in the answer.[9] In the instant case, Defendants included the Affirmative Defense of Improper Venue in their Answer to Plaintiff's SAC.[10] Having timely preserved the objection to venue in their Answer, Defendants may move this Court for dismissal or transfer of the case under Fed. R. Civ. P. 12. The brief delay in moving the Court for an order to dismiss or transfer does not waive the defect and the instant motion to transfer is timely.[11]

### B. Venue is Improper in the Southern District

Plaintiff has filed claims for patent infringement against all Defendants. Three of the four Defendants are individuals and the fourth is a corporation. As a result, venue must be analyzed as to each Defendant. There is a special statute governing venue in patent

---

[6] Behle Decl., ¶10.

[7] Id.

[8] Apache Prods. Co. v. Employers Ins., 154 F.R.D. 650, 657 (S.D. Miss. 1994) (the court cannot conclude that the delay in requesting transfer, standing alone, presents a sufficient basis upon which to deny transfer).

[9] Fed. R. Civ. P. 12(b)

[10] Behle Decl., ¶9, Exhibit D, Defendants' Answer to SAC at ¶4.

[11] Improper venue may be challenged in a post-answer motion to dismiss as long as the objection was preserved in the answer. See, e.g., Broadcasting Co. of the Carolinas v. Flair Broadcasting Corp., 892 F.2d 372, 377-78 (4th Cir. 1989); Steelcase, Inc. v. Mar-Mol Co., Inc., 210 F. Supp. 2d 920 (W.D. Mich. 2002); Walker v. Carnival Cruise Lines, Inc., 681 F. Supp. 470 (N.D. Ill. 1987); Jaliwa v. Concerned Citizens, 2007 U.S. Dist. LEXIS 50177 (S.D. Cal. July 10, 2007).

3

Case No. 07 CV2294-L (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

infringement actions.[12] Under 28 U.S.C. § 1400(b), "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[13] This differs from the general venue provisions provided in 28 U.S.C. § 1391.[14] Plaintiff's reliance upon Section 1391 is thus misplaced.

As to individual defendants, the United States Supreme Court has held Section 1400(b) to be the "sole and exclusive provision controlling venue" in patent infringement actions.[15] This section must not be given a broad construction in the interest of some overriding policy.[16] To establish venue against the individual Defendants in this case, Plaintiff must satisfy Section 1400(b). Plaintiff cannot.

Section 1400(b) prescribes a two-prong test to establish venue: (1) where the defendant resides or (2) where the defendant has committed acts of infringement *and* has a regular and established place of business. As to the first prong, none of the individual Defendants reside in

---

[12] 28 U.S.C. §1400(b).

[13] Id.

[14] 28 U.S.C. §1391(b) provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). 28 U.S.C. §1391(c), relating to corporations, provides that "[a] corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business . . . ." 28 U.S.C. §1391(c).

[15] Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 262-64, 81 S. Ct. 557, 5 L.Ed.2d 546 (1961); see also Cytomedix, Inc. v. Bennett, 299 B.R. 878 (N.D. Ill. 2003) (individual defendant in patent infringement case is subject to venue only in judicial districts where § 1400(b) is satisfied); Dimensional Media Associates, Inc. v. Optical Products Development Corp., 42 F. Supp. 2d 312, 316 (S.D.N.Y. 1999) (venue in patent cases lies with respect to individual defendants only in the districts identified in § 1400(b)).

[16] See In re Cordis Corp., 769 F.2d 733, 736 (Fed. Cir. 1985) ("The provisions of § 1400(b) are not to be liberally construed."); HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1247-1248 (D. Ala. 2006).

4

Case No. 07 CV2294-L (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

the Southern District: Defendant. KC Chen resides in the Central District; Defendant, Tong Chiah resides in the Central District; and Ms. Jian Yang Vaeches resides in the Northern District.[17] As such, the first option for venue under Section 1400(b) is unavailable to Plaintiff. As to the second prong, <u>none</u> of the individual Defendants has committed acts of infringement in the Southern District (or elsewhere, for that matter) nor do they have "regular and established" places of business in the Southern District.[18] This prong is to be analyzed in the conjunctive:

> Because the plain language of §1400(b) reflects that the 'acts of infringement' and 'regular and established place of business' prongs are conjunctive prerequisites for a venue finding, the existence of alleged acts of infringement in this judicial district is not sufficient, in and of itself, to lay venue. Rather, venue exists here only if, in addition to those acts of infringement, [defendants] have a 'regular and established place of business' in this district.[19]

Thus, Plaintiff cannot satisfy the second prong of the venue test under Section 1400(b) simply by alleging that Defendants have infringed in the Southern District. Plaintiff must also show that the individual Defendants have a "regular and established place of business" in the Southern District. The meaning of the phrase "regular and established place of business" contemplates "something more than minimum contacts or simply doing business in a particular district."[20] None of the individual Defendants live in the Southern District.[21] They do not work

---

[17] Declaration of K.C. Chen ("Chen Decl."), ¶3; Declaration of Tong Chiah ("Chiah Decl."), ¶3; Declaration of Jian Yang Vaeches ("Vaeches Decl."), ¶3.

[18] Chen Decl., ¶¶2-6; Chiah Decl., ¶¶2-6 ; Vaeches Decl., ¶¶2-6.

[19] See <u>Mickowski v. Visi-Trak Corp.</u>, 36 F. Supp. 2d 171, 176-77 (S.D.N.Y. 1999) (dismissing claims against individual defendants for improper venue, where those defendants neither resided in judicial district nor maintained a place of business therein); <u>HomeBingo Network, Inc. v. Chayevsky</u>, 428 F. Supp. 2d 1232, 1248 (D. Ala. 2006).

[20] See <u>Kinetic Instruments, Inc. v. Lares</u>, 802 F. Supp. 976, 987 (D.N.Y. 1992) (having a regular and established place of business involves more than "doing business" in forum district); <u>Magicorp v. Kinetic Presentations, Inc.</u>, 718 F. Supp. 334, 340 (D.N.J. 1989) (this prong of the venue test, however, requires greater contacts than were necessary under the 'doing business' test formerly articulated in the generic venue statute); <u>Johnston v. IVAC Corp.</u>, 681 F. Supp. 959, 962 (D. Mass. 1987) (regular and established place of business standard

in the Southern District.[22] They do not have office space, office equipment, or land-based telephone lines in the Southern District.[23] They do not employ support staff in the Southern District.[24] None of the individual Defendants maintain a physical address in the Southern District to which mail could be delivered.[25] While the individual Defendants occasionally travel to the Southern District for business, this type of conduct has been held to be "too sporadic, circumscribed and attenuated to constitute the requisite 'permanent and continuous presence'. . .for them as individuals, much less to demonstrate that they carry on in a continuous manner a substantial part of their ordinary business here."[26] Clearly, Plaintiff cannot satisfy the venue rules concerning patent infringement cases as to the individual Defendants and the case should be dismissed or transferred to the Central District.

    C.    <u>Plaintiff Bears the Burden of Proving that Venue is Proper in the Southern District, a Burden it Cannot Meet</u>

Most courts hold that if venue is challenged, *plaintiff* bears the burden of establishing that venue is proper in the forum.[27] In the instant case, prior to filing the present Motion,

---

requires more than minimum contacts necessary for establishing personal jurisdiction). Moreover, in assessing whether a defendant has a "regular and established place of business" in a district, "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there." In re Cordis Corp., 769 F.2d 733, 736 (Fed. Cir. 1985); HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1249 (D. Ala. 2006).

[21] Chen Decl., ¶3; Chiah Decl., ¶3; Vaeches Decl., ¶3.

[22] Chen Decl., ¶5; Chiah Decl., ¶5; Vaeches Decl., ¶5.

[23] Chen Decl., ¶5; Chiah Decl., ¶5; Vaeches Decl., ¶5.

[24] Chen Decl., ¶5; Chiah Decl., ¶5; Vaeches Decl., ¶5.

[25] Chen Decl., ¶6; Chiah Decl., ¶6; Vaeches Decl., ¶6.

[26] HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1250 (D. Ala. 2006)

[27] "Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005), citing Airola v. King, 505 F. Supp. 30, 31 (D. Ariz. 1980); see also Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Bohara v. Backus Hosp. Med. Ben.

Defendants asked Plaintiff to support its choice of the Southern District as the proper venue for this case.[28] Plaintiff refused to do so, either because it was unwilling or (more likely) because it could not. Instead, Plaintiff summarily claimed that Defendants had waived their right to challenge venue.[29] Plaintiff will not have the option of refusing now. Plaintiff must prove that the Southern District is the proper venue for this case. As noted above, this is a burden Plaintiff cannot meet.

### D. The Entire Case Should Be Dismissed or Transferred

If the Court finds venue improper, it must either dismiss for lack of venue or transfer the case to any district in which it could have been originally brought.[30] Moreover, the entire case must be dismissed or transferred, not just the claims subject to the venue rules prescribed by 28 U.S.C. §1400(b) (i.e., patent infringement claims). To this end, Plaintiff may argue that venue is proper in the Southern District as to the *non*-patent infringement claims and, therefore, the Court should sever those claims from the patent infringement claims and dismiss or transfer only the patent infringement claims. However, this argument is without merit, both legally and factually. Because the patent infringement claims involve substantially the same factual allegations as the remaining claims, those claims should also be dismissed or transferred to the Central District.[31]

---

Plan, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005); Flamingo Indus. (U.S.A.), Ltd. v. United States Postal Serv., 2004 U.S. Dist. LEXIS 17530, *6 (N.D. Cal. Aug. 23, 2004); Honor Plastic Indus. Co. v. Lollicup USA, Inc., 2006 U.S. Dist. LEXIS 73730 (E.D. Cal. Sept. 26, 2006))

[28] Behle Decl., Exhibit A.

[29] Behle Decl., Exhibit B.

[30] 28 U.S.C. §1406(a) – (district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought (emphasis added)).

[31] See, e.g., Lighting Sys., Inc. v. Int'l Merch. Assocs., Inc., 464 F. Supp. 601, 606 (W.D. Pa. 1979) (holding that it would be "absurd" and "intolerable judicial inefficiency" for a court to sever a patent infringement claim and transfer it to the proper district while at the same time retaining claims for which venue was proper when those claims involved largely the same issues, documentation, witnesses, and evidentiary matters as the infringement claim); Network Sys. Corp. v. Masstor Sys. Corp., 612 F. Supp. 438, 440-41 (D. Minn. 1984) (adopting the

7

Case No. 07 CV2294-L (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

III. CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court grant the instant Motion and dismiss this case, or in the alternative, transfer the case to the Central District.

Dated: April 15, 2008                                   FOLEY BEZEK BEHLE & CURTIS, LLP


                                                        *s/Roger N. Behle, Jr.*
                                                        Roger N. Behle, Jr.
                                                        Attorneys for Defendants.

---

reasoning and holding of Lighting Systems); Ball Corp. v. Weirton Steel Corp., 1986 U.S. Dist. LEXIS 17160, No. 86 C 5425, 1986 WL 13761, at *4 (N.D. Ill. Nov. 28, 1986) (Kocoras, J.) ("Because the patent infringement claim against Weirton must be transferred, judicial economy would be served by transferring the [other] counts against Weirton as well.") (citing Lighting Systems); Cytomedix, Inc. v. Bennett, 299 B.R. 878, 881-882 (D. Ill. 2003).

8

Case No. 07 CV2294-L (BLM)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

The undersigned hereby certifies that all counsel of record in the *Anticancer, Inc. v. Teco Diagnostics,* Case No. 07CV2294L (BLM), who are deemed to have consented to electronic service, are being served this 29th day of April, 2008, with a copy of this document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE [28 U.S.C. §1406(a); FED. R. CIV. P. 12(b)(3)]** via the Court's CM/ECF as follows:

Dan Lawton, Esq.
Joseph C. Kracht, Esq.
Matt Valenti, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA 92101
619-595-1520 Facsimile

☐ **BY HAND DELIVERY**: I personally delivered a true copy of the above-referenced document(s) to the person(s) listed above.

☐ **BY OVERNIGHT DELIVERY**: I am familiar with the practice at my place of business for collection and processing of documents for overnight delivery with an overnight courier service. The above-referenced document(s) will be placed in an envelope, addressed to the person(s) listed above, sealed, and placed for collection and delivery the next business day with fees fully prepaid in accordance with ordinary business practices.

■ **BY FACSIMILE**: I caused the above-referenced document(s) to be served on the person(s) listed above by facsimile and from Foley Bezek Behle & Curtis, LLP's facsimile machine no. (714) 546-5005.

☐ **BY E-MAIL**: I submitted an electronic version of the above-referenced document(s) to the person(s) whose e-mail address(es) is/are known to me as listed above.

1

**PROOF OF SERVICE**

■ **BY MAIL**: I am familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. The above-referenced document(s) will placed in an envelope, addressed to the person(s) listed above, sealed, and deposited with the United States Postal Service with postage fully prepaid in accordance with the ordinary course of business.

■ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ **(STATE)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I certify that all parties in this case that have made an appearance are represented by counsel who are CM/ECF participants who have consented to electronic service.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Dated: April 29, 2008                              FOLEY BEZEK BEHLE & CURTIS, LLP

*s/Roger N. Behle, Jr.*
Roger N. Behle, Jr.
Attorneys for Defendants.

2
**PROOF OF SERVICE**