1  Peter J. Bezek (SBN 102310)
2  Roger N. Behle, Jr., Esq. (SBN 174755)
   **FOLEY BEZEK BEHLE & CURTIS, LLP**
3  575 Anton Blvd., Suite 710
   Costa Mesa, CA  92626
4  Telephone (714) 556-1700
   Facsimile: (714) 546-5005
5  pbezek@foleybezek.com; rbehle@foleybezek.com

6
   Attorneys for Defendants
7  TECO DIAGNOSTICS, a California Corporation; KC CHEN, TONG CHIAH,
   a natural person; TONG CHIAH, a natural person and JIAN YANG VAECHES,
8  a natural person

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11 ANTICANCER, INC., a California          )  **CASE NO.: 07CV2294-L(BLM)**
   Corporation.                           )
12                                         )  Judge: M. James Lorenz
                                           )  Magistrate:  Barbara L. Major
13              Plaintiff,                 )
           vs.                             )
14                                         )  **EXHIBITS TO DECLARATION OF**
   TECO DIAGNOSTICS,  a California         )  **ROGER N. BEHLE IN SUPPORT OF**
15 Corporation; KC CHEN, a natural person; )  **DEFENDANTS' MOTION TO DISMISS,**
                                           )  **OR IN THE ALTERNATIVE, TO**
   TONG CHIAH, a natural person; JIAN YANG )  **TRANSFER FOR IMPROPER  [28 U.S.C.**
16 VAECHES, a natural person; and  DOES 1  )  **§§1406(a); FED. R. CIV. P. 12(b)(3)**
17 through 30, Inclusive,                  )
                                           )
18              Defendants.                )
                                           )
19 ───────────────────────────────────────)

20              **TABLE OF CONTENTS**

21 EXHIBIT A...................................................................................................................1,2,3,4

22 EXHIBIT B..........................................................................................................................5,6

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

EXHIBIT C…………………………………..…...7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22

EXHIBIT D...………..……………………...……………………………………..23,24,25,26

Dated: April 29, 2008                    FOLEY BEZEK BEHLE & CURTIS, LLP

                                        s/Roger N. Behle, Jr.
                                        Roger N. Behle, Jr.
                                        Attorneys for Defendants.

# EXHIBIT
# A
# 1

# EXHIBIT
# A
# 1

# FBB&C
LLP

*Roger N. Behle, Jr.*
*rbehle@foleybezek.com*

**Reply to: Costa Mesa Office**

April 22, 2008

<u>**VIA EMAIL AND U.S. MAIL**</u>

Dan Lawton
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, California 92101

Re:    <u>Teco Diagnostics adv. AntiCancer, Inc.</u>

Dear Mr. Lawton:

This letter is in reference to our telephone conversation this afternoon. As I indicated, with regard to the alternate dates for the depositions of Dr. KC Chen and Teco Diagnostics, I will have responses to you no later than tomorrow.

With regard to the question of venue, which we discussed during our call today, I do not believe the Southern District of California is the proper venue for this case. You should not have filed this case in the Southern District. As I further indicated, unless you can provide me with support to the contrary, I intend to bring a motion to dismiss or transfer. Here are my reasons:

You filed this case for patent infringement in the Southern District, naming both individual and corporate defendants. Defendants timely objected to venue in their answer by way of an affirmative defense. Given that your client is based in San Diego, the Southern District is clearly the most convenient and economical forum for them. However, that is not the test for venue. In your complaint, you rely upon 28 U.S.C. §1391 to establish venue in the Southern District. However, there is a special statute governing venue in patent infringement actions - 28 U.S.C. § 1400(b). Under that statute, "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." This differs from the general venue provisions in 28 U.S.C. § 1391. Your reliance upon Section 1391 is thus misplaced.

As to individual defendants, Section 1400(b) has been held to be the "sole and exclusive provision controlling venue" in patent infringement actions. Thus, for venue to be proper against the individual defendants in the Southern District, you must satisfy Section 1400(b). I do not believe you can.

## Foley Bezek Behle&Curtis LLP

www.FoleyBezek.com

15 W. Carrillo St.
Santa Barbara, CA 93101
(805) 962-9495  F:(805) 962-0722

575 Anton Blvd., Suite 710
Costa Mesa, CA 92626
(714) 556-1700  F:(714) 546-5005

A
2

Dan Lawton
LAWTON LAW FIRM
April 22, 2008
Page 2

Section 1400(b) prescribes a two-prong test to establish venue: (1) where the defendant resides or (2) where the defendant has committed acts of infringement *and* has a regular and established place of business. As to the first prong, none of the individual defendants resides in the Southern District. As such, the first option for venue under Section 1400(b) is unavailable to you. As to the second prong, none of the individual defendants has committed acts of infringement in the Southern District (or elsewhere, for that matter) nor do they have "regular and established" places of business in the Southern District. Because the plain language of §1400(b) reflects that the "acts of infringement" and "regular and established place of business" prongs are conjunctive prerequisites for a venue finding, the existence of alleged acts of infringement in the Southern District is not sufficient, in and of itself, to lay venue. Rather, venue exists in the Southern District only if, in addition to those acts of infringement, defendants have a "regular and established place of business" in the Southern District. They do not.

You cannot satisfy the second prong of the test under Section 1400(b) simply by alleging that defendants have infringed in the Southern District. You must also show that the individual defendants have a "regular and established place of business" in the Southern District. The meaning of the phrase "regular and established place of business" contemplates "something more than minimum contacts or simply doing business in a particular district." None of the individual defendants live in the Southern District. They do not work in the Southern District. They do not have office space, office equipment, or land-based telephone lines in the Southern District. They do not employ support staff in the Southern District. Moreover, none of the individual defendants maintain a physical address in the Southern District to which mail could be delivered. Clearly, the test for venue cannot be met in Southern District.

Please let me know immediately, and no later than April 25, 2008, if you will stipulate to transfer the case to the Central District of California. If you wish to discuss this issue further, please contact me.

Sincerely,

FOLEY BEZEK BEHLE & CURTIS, LLP

Roger N. Behle, Jr.

Cc: Teco Diagnostics

**A**

3

```
**********************
*** FAX TX REPORT ***
**********************

        TRANSMISSION OK

JOB NO.              1707
DEPT. ID             100109
DESTINATION ADDRESS  16195951520
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME             04/22 16:38
USAGE T              02' 21
PGS.                 3
RESULT               OK
```

# Foley Bezek Behle & Curtis

575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Office (714) 556-1700
Fax (714) 546-5005

## FACSIMILE COVER PAGE

DATE:      April 22, 2008          Case No: 3029.01

TO:        Dan lawton

FAX NO.:   (619) 595-1520

FROM:      Roger N. Behle, Jr.

RE:        *AntiCancer, Inc. V. Teco Diagnostics*

NUMBER OF PAGES FAXED (INCLUDING COVER PAGE): 3
If you do not receive all pages, please call (714) 556-1700 immediately.

CONFIDENTIALITY NOTE:  The information contained in this fax may be legally privileged and confidential.  It is intended only for the eyes and use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this fax is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone; call collect if necessary.  Thank you for your cooperation.

A
4

# EXHIBIT

# EXHIBIT

B

5

# LAWTON LAW FIRM

550 WEST C STREET
SUITE 1400
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 595-1370
TELEFACSIMILE (619) 595-1520
www.lawtonlaw.com

DAN LAWTON
(619) 595-1370
INTERNET E-MAIL
dlawton@lawtonlaw.com

JOSEPH C. KRACHT
(619) 595-1318
INTERNET E-MAIL
jkracht@lawtonlaw.com

April 22, 2008

MATT VALENTI
(619) 595-1775
INTERNET E-MAIL
mvalenti@lawtonlaw.com

**VIA FIRST CLASS MAIL**

Roger N. Behle, Jr., Esq.
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, CA 92626

     Re:   *AntiCancer, Inc. v. Teco Diagnostics*

Dear Roger:

     I've considered your suggestion that venue in this case be transferred.

     As I am sure you know, Rule 12 provides for challenging improper venue by motion. Your clients' failure to have asserted improper venue via a motion under Rule 12(b) has resulted in a waiver of the right to do so now. *See* Rule 12(h).

     Too, the Court already has an investment in this case. It has presided over an ENE, issued a Case Management Order and planned for calendared events in the case to take place. Transferring venue now would cause both Court and parties to lose this investment and would cause delay and expense.

     For all of these reasons, we will not be stipulating to a transfer of venue.

     Thank you for your kind attention to this matter.

                Yours very truly,

                Dan Lawton

DL:lee

cc:   Robert M. Hoffman, Ph.D. (via facsimile)
       Joseph C. Kracht, Esq.
       Matt Valenti, Esq.

8

6

# EXHIBIT

# EXHIBIT

C
-7

1  Dan Lawton (State Bar No. 127342)
   Joseph C. Kracht (State Bar No. 228507)
2  Matt Valenti (State Bar No. 253978)
   LAWTON LAW FIRM
3  550 West C Street, Suite 1400
   San Diego, CA 92101
4  (619) 595-1370
   (619) 595-1520 (Telefacsimile Number)
5  dlawton@lawtonlaw.com (electronic mail)

6  Attorneys for Plaintiff AntiCancer, Inc.

7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12  ANTICANCER, INC., a California          )  Case No. 07-CV-2294-L (BLM)
    corporation,                            )
13                                          )  SECOND AMENDED COMPLAINT FOR
             Plaintiff,                     )  DAMAGES AND OTHER RELIEF FOR
14                                          )  INFRINGEMENT OF U.S. PATENTS
    v.                                      )  NOS. 5,998,191, 6,066,467, 6,140,102,
15                                          )  6,448,446, AND 6,468,762; BREACH OF
    TECO DIAGNOSTICS, a California          )  CONTRACT; THEFT OF TRADE
16  corporation; KC CHEN, a natural person; )  SECRETS AND OTHER TORTS;
    TONG CHIAH, a natural person; JIAN      )  DEMAND FOR TRIAL BY JURY AND
17  YANG VAECHES, a natural person; and     )  FOR SPEEDY HEARING
    DOES 1-30,                              )
18                                          )
             Defendants.                    )
19                                          )
                                            )
20  _____)

21

22        For its claims for relief against defendants Teco Diagnostics, KC Chen, Tong Chiah,

23  and Jian Yang Vaeches, plaintiff AntiCancer, Inc. ("Plaintiff" or "AntiCancer") alleges as

24  follows:

25                        JURISDICTION AND VENUE

26        1.     This action for patent infringement arises under the patent laws of the United

27  States, Title 35 of the United States Code, and under 28 U.S.C. § 2201 and Fed. R. Civ. P.

28  57.

1      2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a),

2  1367, and 2201.

3      3.      Venue is proper in this judicial district under pertinent law, including, *inter*

4  *alia*, 28 U.S.C. §§ 1391(b), (c).

5  THE PARTIES

6      4.      Plaintiff is a corporation organized and existing under the laws of the State of

7  California and having as its principal place of business San Diego, California.

8      5.      Defendant Teco Diagnostics ("Teco") is a corporation organized and existing

9  under the laws of the State of California and having as its principal place of business

10  Anaheim, California.

11      6.      Defendant KC Chen ("Mr. Chen") is a natural person and President of Teco.

12      7.      Defendant Tong Chiah ("Mr. Chiah") is a natural person and Project Manager

13  of Teco.

14      8.      Defendant Jian Yang Vaeches ("Ms. Vaeches") is a natural person and

15  Operation Manager of Teco.

16      9.      The true names and capacities, whether individual, corporate, associate,

17  representative or otherwise, of DOES 1 through 30, inclusive, are unknown to plaintiff, who

18  therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this

19  complaint to show the true names and capacities of said defendants when they are

20  ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the

21  defendants named as a Doe, along with the named defendants, is responsible in some manner

22  for the occurrences herein alleged, and that plaintiff's damages herein alleged were legally or

23  proximately caused by said defendants.  Wherever it is alleged that any act or omission was

24  also done or committed by any specifically named defendant, or by defendants generally,

25  plaintiff intends thereby to allege, and does allege, that the same act or omission was also

26  done and committed by each and every defendant named as a Doe, and each named

27  defendant, both separately and in concert or conspiracy with the named defendants.

28

C
9

1    10.    At all times mentioned herein, defendants, and each of them, were the agents,

2  servants, co-conspirators, or employees of one another, and the acts and omissions herein

3  alleged were done or suffered by them, acting individually and through or by their alleged

4  capacity, within the scope of their authority. Each of the defendants aided and abetted and

5  rendered substantial assistance in the accomplishment of the acts complained of herein.  In

6  taking the actions, as particularized herein, to aid and abet and substantially assist in the

7  commission of the misconduct complained of, each defendant acted with an awareness of his,

8  her or its primary wrongdoing and realized that his, her or its conduct would substantially

9  assist in the accomplishment of that misconduct and was aware of his, her or its overall

10  contribution to, and furtherance of the conspiracy, common enterprise, and common course

11  of conduct. Defendants' acts of aiding and abetting included, *inter alia*, all of the acts each

12  defendant is alleged to have committed in furtherance of the conspiracy, common enterprise,

13  and common course of conduct complained of herein.

14                    DEFENDANTS' WRONGFUL COURSE OF CONDUCT

15    11.    AntiCancer is a locally-headquartered company whose stock is privately held.

16  Among AntiCancer's technologies is a proprietary, patented Automatic Enzymatic

17  Homocysteine Assay ("Homocysteine Assay"). The Homocysteine Assay is marketed by

18  A/C Diagnostics, LLC ("A/C Diagnostics"), a fully-owned subsidiary of AntiCancer, Inc.

19  The patents covering the Homocysteine Assay are owned by AntiCancer, Inc.  The

20  Homocysteine Assay is a procedure which measures the total homocysteine (tHCY) in blood

21  plasma and serum. Studies have shown that homocysteine, an amino acid, plays a critical

22  role in heart disease and stroke, and may be more important to monitor than cholesterol levels

23  for preventing heart disease. Excess tHCY is a major risk factor for heart attacks, and is also

24  a risk factor for diabetes, neurodegenerative diseases, birth defects, and other serious health

25  problems. The A/C Diagnostics Homocysteine Assay is based on a patented process using a

26  genetically engineered homocysteine enzyme, and utilizes a simple, accurate, and fully-

27  automatic method for measuring tHCY. The FDA has granted AntiCancer clearance to

28  market the A/C Diagnostics Enzymatic Homocysteine Assay (501(k) no. K030754).

*C*

*10*

1       12.    Teco is a company headquartered in Anaheim, California, whose stock is

2  privately held. It manufactures a range of medical diagnostic products which it sells both

3  domestically and internationally.

4       13.    In August 2006, Teco's product manager, Tong Chiah, contacted AntiCancer

5  and expressed interest in developing a business relationship whereby Teco would market and

6  sell the Homocysteine Assay kits in conjunction with an analyzer machine produced by Teco.

7  At that time, the Homocysteine Assay kits were only used with two instruments – the Hitachi

8  912 and AntiCancer's own portable reader. AntiCancer expressed interest in working with

9  Teco to extend the use of its assay kits to other machines, including the Beckman Synchron

10  CX.

11       14.    Teco proposed an agreement which called for AntiCancer to sell two

12  hundred and fifty Homocysteine Assay kits to Teco per month, for a term of one year, at

13  $1.10 per test (with 100 tests per kit). Teco proposed that the agreement cover a territory of

14  25 states.

15       15.    AntiCancer rejected this initial proposal, informing Teco that it could only

16  promise 50 Homocysteine Assay kits a month, and insisting that the territory be limited to

17  California. Teco accommodated these changes. As the negotiations continued, Tong Chiah

18  requested that AntiCancer ship two kits to Teco, so that the kits could be tested on Teco's

19  Beckman Synchron CX machine. Prior to the shipment of these kits, AntiCancer insisted

20  that Teco sign a confidential non-disclosure agreement. A true and correct copy of the non-

21  disclosure agreement ("Agreement") is attached hereto as Exhibit A and is fully incorporated

22  herein by this reference. On September 21, 2006, Dr. KC Chen, President of Teco, and Dr.

23  Robert M. Hoffman, President and CEO of AntiCancer and A/C Diagnostics, signed the non-

24  disclosure agreement. The agreement expressly states that for a period of five years the

25  parties agree not to use confidential information from each other for any purpose other than

26  to evaluate the suitability of entering a business relationship or for negotiating the terms of

27  any such relationship. On October 18, 2006, in reliance on this agreement, AntiCancer

28

C

11

1    shipped Teco one Homocysteine Assay kit, one AntiCancer portable reader, and detailed

2    calibration instructions, for a total price of $1,600.

3         16.    Negotiations between the parties eventually broke down, and no licencing

4    agreement was signed, nor did AntiCancer give Teco permission to market its Homocysteine

5    Assay kits. Nevertheless, on November 9, 2006, Teco publically announced that it had

6    developed a homocysteine assay kit which utilizes a genetically-engineered enzyme, the same

7    process patented by AntiCancer. Teco marketing materials for this product include a picture

8    showing 11 bottles labeled "A/C Enzymatic HCY Assay" – the very same A/C Diagnostics

9    bottles which were provided by AntiCancer to Teco in the Homocysteine Assay kit.

10                      FIRST CLAIM FOR RELIEF

11                     (Infringement of '191 Patent)

12                      (Against All Defendants)

13        17.    Plaintiff realleges and incorporates by reference as though fully set forth

14    preceding paragraphs 1 through 16.

15        18.    United States Patent No. 5,998,191 (the "'191 Patent") issued on December 7,

16    1999. A true and correct copy of the '191 Patent is attached hereto as Exhibit "B" and

17    incorporated herein by this reference.

18        19.    Plaintiff is the sole owner of the '191 Patent.

19        20.    Plaintiff is informed and believes that defendants have infringed, and still are

20    infringing, the '191 patent by making, using, selling, offering for sale and/or licensing

21    products and services covered by one or more claims of the '191 Patent without plaintiff's

22    authorization or consent. These products and services include, *inter alia*, the Teco

23    Diagnostics Homocysteine Assay, catalogue no. H650.

24        21.    Plaintiff is informed and believes that defendants have infringed the '191

25    Patent, and will continue to do so unless enjoined by this Court.

26        22.    Plaintiff is informed and believes, and on that basis alleges, that defendants are

27    aware of the '191 Patent and that their infringement has been willful.

28                          C

                        12

Case No. 07CV2294L(BLM)

1  23.    By reason of the foregoing, plaintiff has suffered damages in an amount to be

2  proven at trial and, in addition, has suffered irreparable loss and injury.

3  24.    The acts of infringement described above are willful, deliberate and in reckless

4  disregard of plaintiff's patent rights.

5  SECOND CLAIM FOR RELIEF

6  (Infringement of '467 Patent)

7  (Against All Defendants)

8  25.    Plaintiff realleges and incorporates by reference as though fully set forth

9  preceding paragraphs 1 through 24.

10  26.    United States Patent No. 6,066,467 (the "'467 Patent") issued on May 23,

11  2000. A true and correct copy of the '467 Patent is attached hereto as Exhibit "C" and

12  incorporated herein by this reference.

13  27.    Plaintiff is the sole owner of the '467 Patent.

14  28.    Plaintiff is informed and believes that defendants have infringed, and still are

15  infringing, the '467 patent by making, using, selling, offering for sale and/or licensing

16  products and services covered by one or more claims of the '467 Patent without plaintiff's

17  authorization or consent. These products and services include, *inter alia*, the Teco

18  Diagnostics Homocysteine Assay, catalogue no. H650.

19  29.    Plaintiff is informed and believes that defendants have infringed the '467

20  Patent, and will continue to do so unless enjoined by this Court.

21  30.    Plaintiff is informed and believes, and on that basis alleges, that defendants are

22  aware of the '467 Patent and that their infringement has been willful.

23  31.    By reason of the foregoing, plaintiff has suffered damages in an amount to be

24  proven at trial and, in addition, has suffered irreparable loss and injury.

25  32.    The acts of infringement described above are willful, deliberate and in reckless

26  disregard of plaintiff's patent rights.

27  / / /

28  / / /

C
13

## THIRD CLAIM FOR RELIEF

(Infringement of '102 Patent)

(Against All Defendants)

33.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 32.

34.    United States Patent No. 6,140,102 (the "'102 Patent") issued on October 31, 2000. A true and correct copy of the '102 Patent is attached hereto as Exhibit "D" and incorporated herein by this reference.

35.    Plaintiff is the sole owner of the '102 Patent.

36.    Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '102 patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '102 Patent without plaintiff's authorization or consent. These products and services include, *inter alia*, the Teco Diagnostics Homocysteine Assay, catalogue no. H650.

37.    Plaintiff is informed and believes that defendants have infringed the '102 Patent, and will continue to do so unless enjoined by this Court.

38.    Plaintiff is informed and believes, and on that basis alleges, that defendants are aware of the '102 Patent and that their infringement has been willful.

39.    By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

40.    The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

## FOURTH CLAIM FOR RELIEF

(Infringement of '446 Patent)

(Against All Defendants)

41.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 40.

*C*

14

42.  United States Patent No. 6,448,446 (the "'446 Patent") issued on September 10, 2002.  A true and correct copy of the '446 Patent is attached hereto as Exhibit "E" and incorporated herein by this reference.

43.  Plaintiff is the sole owner of the '446 Patent.

44.  Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '446 patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '446 Patent without plaintiff's authorization or consent.  These products and services include, *inter alia*, the Teco Diagnostics Homocysteine Assay, catalogue no. H650.

45.  Plaintiff is informed and believes that defendants have infringed the '446 Patent, and will continue to do so unless enjoined by this Court.

46.  Plaintiff is informed and believes, and on that basis alleges, that defendants are aware of the '446 Patent and that their infringement has been willful.

47.  By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

48.  The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

<u>FIFTH CLAIM FOR RELIEF</u>

(Infringement of '762 Patent)

(Against All Defendants)

49.  Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 48.

50.  United States Patent No. 6,468,762 (the "'762 Patent") issued on October 22, 2002.  A true and correct copy of the '762 Patent is attached hereto as Exhibit "F" and incorporated herein by this reference.

51.  Plaintiff is the sole owner of the '762 Patent.

52.  Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '762 patent by making, using, selling, offering for sale and/or licensing

C
15

1  products and services covered by one or more claims of the '762 Patent without plaintiff's

2  authorization or consent.  These products and services include, *inter alia*, the Teco

3  Diagnostics Homocysteine Assay, catalogue no. H650.

4      53.    Plaintiff is informed and believes that defendants have infringed the '762

5  Patent, and will continue to do so unless enjoined by this Court.

6      54.    Plaintiff is informed and believes, and on that basis alleges, that defendants are

7  aware of the '762 Patent and that their infringement has been willful.

8      55.    By reason of the foregoing, plaintiff has suffered damages in an amount to be

9  proven at trial and, in addition, has suffered irreparable loss and injury.

10     56.    The acts of infringement described above are willful, deliberate and in reckless

11 disregard of plaintiff's patent rights.

**SIXTH CLAIM FOR RELIEF**

(For Misappropriation of Trade Secrets)

(Against All Defendants)

15     57.    Plaintiff realleges and incorporates by reference as though fully set forth

16 preceding paragraphs 1 through 56.

17     58.    AntiCancer owned trade secrets concerning its patented technology.  These

18 trade secrets consisted of information (including formulas, patterns, compilations, programs,

19 devices, methods, techniques, and/or processes) which derived independent economic value

20 (both actual and potential) from not being known to the public or other persons who could

21 obtain economic value from their disclosure or use and which were the subject of its efforts

22 which were reasonable under the circumstances to maintain their secrecy, all within the

23 meaning of California Civil Code section 3426 *et seq.*

24     59.    By taking the actions described hereinabove, defendants misappropriated

25 AntiCancer's trade secrets.

26     60.    As a legal and proximate result of defendants' misappropriation of

27 AntiCancer's trade secrets, AntiCancer has been damaged in an amount to be proven at trial

28 pursuant to the provisions of California Civil Code section 3426.3 *et seq.*

Case No. 07CV2294L(BLM)

61.    In addition, as a consequence of defendants' misappropriations of its trade secrets, AntiCancer is entitled to a decree ordering defendants to disgorge to AntiCancer all amounts by which they have unjustly enriched themselves pursuant to California Civil Code section 3426.3, subdivision (a).

62.    In the alternative, AntiCancer is entitled to payment of a reasonable royalty pursuant to California Civil Code section 3426.3, subdivision (b).

63.    In addition, because defendants' misappropriation was in bad faith and committed oppressively, fraudulently, willfully, and maliciously, AntiCancer is entitled to an award of its reasonable attorney's fees per California Civil Code section 3426.4 (as well as an award of exemplary damages per California Civil Code sections 3294, 3426.3).

SEVENTH CLAIM FOR RELIEF

(For Intentional Interference with Prospective Economic Advantage)

(Against All Defendants)

64.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 63.

65.    In 2006 and thereafter, plaintiff enjoyed a prospective economic advantage – license fees and royalty income from licensing of its patented technology. Plaintiff had prospective business relationships who would pay such license fees and royalties in exchange for the right to use its patented technology.

66.    These prospective business relationships contained the probability of future economic rewards for plaintiff. Defendants knew of the existence of these prospective business relationships.

67.    By stealing AntiCancer's trade secrets, defendants intentionally disrupted these prospective business relationships, and actually did disrupt them. Defendants' actions were outside the privilege of fair competition and not justified. As a legal and proximate result, AntiCancer has lost the profits it would have enjoyed from the agreements into which it could and would have entered with third parties for sales and/or leases of the machine but for defendants' misconduct.

C
17

1   68.   Defendants acted wantonly, willfully, maliciously, oppressively, and

2   fraudulently.  As a consequence, they should be assessed exemplary damages so as to punish

3   and make an example of them and in order to deter others from similar misconduct in the

4   future.

EIGHTH CLAIM FOR RELIEF

(For Unfair Competition in Violation of the Unfair Competition Law)

(Against All Defendants)

8   69.   Plaintiff realleges and incorporates by reference as though fully set forth

9   preceding paragraphs 1 through 68.

10   70.   Defendants took the actions described hereinabove for the twin purposes of

11   harming competition and AntiCancer.  In so doing, defendants committed unlawful, unfair

12   and fraudulent business acts and practices, thus violating the provisions of the Unfair

13   Competition Law, California Business and Professions Code section 17200 *et seq*.

14   71.   As a legal and proximate result of defendants' wrongful course of conduct,

15   AntiCancer has lost profits which it would have enjoyed otherwise (from sales and contract

16   research), in an amount to be proven at trial and trebled pursuant to the provisions of

17   California Business and Professions Code section 17082.

18   72.   Further, AntiCancer is entitled to decrees enjoining defendants from all further

19   manufacture and sale of component parts of the Teco Homocysteine Assay, ordering them to

20   cease and desist therefrom, and enjoining them to disgorge all ill-gotten gains received

21   heretofore to AntiCancer, all pursuant to the provisions of California Business and

22   Professions Code section 17203.

23   73.   Defendants acted wantonly, willfully, maliciously, oppressively, and

24   fraudulently.  As a consequence, they should be assessed exemplary damages so as to punish

25   and make an example of them and in order to deter others from similar misconduct in the

26   future.

27   ///

28   ///

C

1B

## NINTH CLAIM FOR RELIEF

### (For Fraud and Deceit)

### (Against All Defendants)

74.    AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 73.

75.    Teco commenced a fraudulent plan and a continuing course of conduct aimed at inducing AntiCancer to provide samples of patented technology to Teco for the purpose of using those samples to create and market its own products. In furtherance thereof, Teco made multiple false and misleading statements of material facts, concealed true facts it was bound to disclose, and omitted to state material facts. Teco's statements and omissions were false and deceitful, and Teco knew them to be so.

76.    In justifiable reliance on Teco's statements and omissions, AntiCancer was induced to provide testing samples of patented products which it would not ordinarily provide to a competitor. Had AntiCancer known the true facts, it would not have provided these samples to Teco. As a direct and proximate result of Teco's misconduct, AntiCancer has been damaged in an amount to be proven at trial.

77.    Teco's misconduct was despicable and motivated by and done with malice, fraud, and oppression, thus warranting an award of exemplary damages against the defendants.

## TENTH CLAIM FOR RELIEF

### (For Breach of Contract)

### (Against All Defendants)

78.    AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 77.

79.    On September 21, 2006, plaintiff and defendants entered into a written agreement, a true and correct copy of which is attached hereto as Exhibit "A." The agreement was signed by Dr. KC Chen, President of Teco, and Dr. Robert M. Hoffman, President and CEO of AntiCancer and A/C Diagnostics.    C

19

Case No. 07CV2294L(BLM)

80.    By the terms of that written agreement, for a period of five years the parties agreed not to use confidential information from each other for any purpose other than to evaluate the suitability of entering a business relationship or for negotiating the terms of any such relationship.

81.    The consideration set forth in that agreement was fair and reasonable. Plaintiff has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the contract.  On or about November 9, 2006, the defendants breached said contract by offering for sale products which were manufactured and marketed using the confidential information protected under the contract.

82.    By reason of defendants' breach, AntiCancer has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

A.    That all defendants, and each of them, be adjudged to have infringed the '191, '476, '102, '446 and '762 patents under 35 U.S.C. § 271(a), (b), (c) and (g);

B.    That all defendants, and each of them, be adjudged to have willfully infringed the '191, '476, '102, '446 and '762 patents under 35 U.S.C. § 271(a), (b), (c), and (g);

C.    That defendants, and each of them, as well as their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them be preliminarily and permanently restrained and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '191, '476, '102, '446 and '762 patents;

D.    That the Court award damages to compensate AntiCancer for the defendants' infringement of the '191, '476, '102, '446 and '762 patents, as well as enhanced damages pursuant to 35 U.S.C. § 284;

E.    That the Court award AntiCancer its attorney's fees pursuant to 35 U.S.C. § 285;

1      F.    That the Court assess pre-judgment and post-judgment interest and costs of suit

2  against defendants, and award such interest and costs to AntiCancer;

3      G.    For an award of general and special damages according to proof at trial;

4      H.    For treble damages pursuant to the provisions of California Business and

5  Professions Code § 17082;

6      I.    For decrees enjoining defendants from all further manufacture and sale of

7  infringing products and exploitation of AntiCancer's trade secrets and ordering them to cease

8  and desist therefrom and disgorge all ill-gotten gains received heretofore to AntiCancer;

9      J.    For a decree ordering defendants to disgorge to AntiCancer all sums whereby

10  they have been unjustly enriched;

11      K.    For an award of a reasonable royalty pursuant to California Civil Code

12  §3426.3, subd. (b);

13      L.    For an award of exemplary damages;

14      M.    For an award of attorney's fees according to statute; and

15      N.    For such other and further relief as this Court may deem just and proper.

16

17                          Respectfully submitted,

18  Dated: January 25, 2008          LAWTON LAW FIRM

19

20                          By:    s/Dan Lawton
21                                 Dan Lawton
                                   Attorney for Plaintiff AntiCancer, Inc.
22

23

24

25

26

27                          𝒞

28                          21

1

## DEMAND FOR TRIAL BY JURY

2        Plaintiff hereby demands a trial by jury as to all issues triable by jury.

3

4                                    Respectfully submitted,

5    Dated: January 25, 2008        LAWTON LAW FIRM

6

7                              By:    s/Dan Lawton
                                      Dan Lawton
8                                     Attorney for Plaintiff AntiCancer, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      c

28                                      22

# EXHIBIT

# EXHIBIT

D

23

1  Yuching Huang  (California Bar No. 157202)
Law Offices of Yuching Huang
2  1691 East Orangethorpe Avenue
Placentia, California 92870-6649
3  Phone: (714) 577-3911       Fax: (714) 579-0919
E-mail: huangesq@aol.com
4

5  Attorney for Defendants Teco Diagnostics,
KC Chen, Tong Chiah, and Jian Yang Vaeches
6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                   SOUTHERN DISTRICT OF CALIFORNIA

12

13  ANTICANCER, INC., a California          )    Case No.: 07CV2294L (BLM)
Corporation,                            )
14                                          )
                          Plaintiff,    )    ANSWER TO SECOND AMENDED
15                                          )    COMPLAINT
         vs.                            )
16                                          )
TECO DIAGNOSTICS, a California          )
17  corporation; KC CHEN, a natural person; )
TONG CHIAH, a natural person; JIAN      )
18  YANG VAECHES, a natural person; and    )
DOES 1-30,                              )
19                                          )
                         Defendants.    )
20  _____)

21

22        DEFENDANTS, TECO DIAGNOSTICS, KC CHEN, TONG CHIAH, AND JIAN

23  YANG VAECHES ANSWER THE SECOND AMENDED COMPLAINT OF PLAINTIFF,

24  ANTICANCER, INC. AS FOLLOWS:

25  1.      Defendants deny each and every allegation of the Second Amended Complaint except

26  paragraphs 5, 6, 7, 8, 12, 13, 14, 15 and 16.

27  2.      Defendants admit the allegations for paragraphs 5, 6, 7, 8, 12, 13, 14, and 15.

28
                                    1
                                    D
                                   24

3.    For paragraph 16, Defendants deny the allegations to the extent that it implies that negotiations broke down before Teco Diagnostics made the public announcement.  Defendants otherwise admit the allegations in this paragraph.

FIRST AFFIRMATIVE DEFENSE

Improper Venue

4.    This Court is not the proper venue.  This case should be filed with the Central District.

SECOND AFFIRMATIVE DEFENSE

Fail to State Cause of Action

5.    The complaint is barred by plaintiff's failure to state any cause of action against Defendants.

THIRD AFFIRMATIVE DEFENSE

Lack of Standing

6.    This complaint is barred by the fact that Plaintiff lacks standing to bring an action as against the natural person Defendants.  These Defendants are not a party to the transaction.

WHEREFORE, Defendants request judgment as follows:

1.    That Plaintiff take nothing by the complaint, which will be dismissed with prejudice as against Defendants.

2.    That Defendants recover from Plaintiff costs and reasonable attorney fees.

3.    That further relief(s) be granted as the Court may deem just and proper.

Date: February 4, 2008                            /s/YuChing Huang/
                                                  Attorney for Defendants Teco Diagnostics,
                                                  KC Chen, Tong Chiah, and Jian Yang
                                                  Vaeches

D
25

2

1   CERTIFICATE OF SERVICE

2

3   I hereby certify that a copy of the foregoing ANSWER TO SECOND AMENDED

4   COMPLAINT was this date served upon all counsel of record by placing a copy of the

5   same in the United States Mail, postage prepaid, and sent to their last known address

6   as follows:

7

8   Daniel Lawton, Esq.
    Joseph C. Kracht, Esq.
9   LAWTON LAW FIRM
    550 West C Street, Suite1400
10  San Diego, CA 92101

11

12

13  February 4, 2008, at Placentia, California

14

15

16                          _____/s/YuChing Huang/_____
                            Yuching Huang
17                          For Defendants: Teco Diagnostics,
                            KC Chen, Tong Chiah, and
18                          Jian Yang Vaeches

19

20

21

22

23

24

25

26

27

28

1

𝐷
2⅙

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE:

The undersigned hereby certifies that all counsel of record in the *Anticancer, Inc. v. Teco Diagnostics,* Case No. 07CV2294L (BLM), who are deemed to have consented to electronic service, are being served this 29TH day of April, 2008, with a copy of this document:

**EXHIBITS TO DECLARATION OF ROGER N. BEHLE, JR., IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE [28 U.S.C. §§1406(a); FED. R. CIV. P. 12(b)(3)** via the Court's CM/ECF as follows:

Dan Lawton, Esq.
Joseph C. Kracht, Esq.
Matt Valenti, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA 92101
619-595-1520 Facsimile

☐     **BY HAND DELIVERY**: I personally delivered a true copy of the above-referenced document(s) to the person(s) listed above.

☐     **BY OVERNIGHT DELIVERY**: I am familiar with the practice at my place of business for collection and processing of documents for overnight delivery with an overnight courier service.  The above-referenced document(s) will be placed in an envelope, addressed to the person(s) listed above, sealed, and placed for collection and delivery the next business day with fees fully prepaid in accordance with ordinary business practices.

■     **BY FACSIMILE**: I caused the above-referenced document(s) to be served on the person(s) listed above by facsimile and from Foley Bezek Behle & Curtis, LLP's facsimile machine no. (714) 546-5005.

☐     **BY E-MAIL**: I submitted an electronic version of the above-referenced document(s) to the person(s) whose e-mail address(es) is/are known to me as listed above.

■    **BY MAIL**: I am familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. The above-referenced document(s) will placed in an envelope, addressed to the person(s) listed above, sealed, and deposited with the United States Postal Service with postage fully prepaid in accordance with the ordinary course of business.

■    **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

□    **(STATE)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I certify that all parties in this case that have made an appearance are represented by counsel who are CM/ECF participants who have consented to electronic service.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Dated: April 29, 2008              FOLEY BEZEK BEHLE & CURTIS, LLP

                                   *s/Roger N. Behle, Jr.*
                                   Roger N. Behle, Jr.
                                   Attorneys for Defendants.