# EXHIBIT "A"




ISO 9001

TECO DIAGNOSTICS

Certificate No. FM80538



1268 N. Lakeview Ave., Anaheim, CA 92807, U.S.A.
Phone: (714) 693-7788  Toll Free: 1-800-222-9880
Fax: (714) 693-3838
www.tecodiag.com  Email: tecodiag@tecodiag.com

## CONFIDENTIAL DISCLOSURE AGREEMENT

TECO DIAGNOSTICS, having a place of business at 1268 N. Lakeview Ave. Anaheim, CA 92807 (hereinafter referred to as "TECO.") and AntiCancer Inc.. (hereinafter referred to as "AntiCancer.") having a place of business at 7917 Ostrow St., San Diego, CA 92111 have developed or acquired technical and other proprietary information, of both a Confidential and non-Confidential nature relating to technology including without limitation present and future products, business plans, and other technical and commercial data, and the parties wish to ensure that Confidential Information which may be disclosed to each other is treated in confidence and is used only for agreed-upon purposes.

Both TECO and AntiCancer, desire to receive both Confidential and non-Confidential Information from the other for the limited purpose of evaluating the suitability of entering into a business relationship, and each party recognizes the importance of keeping Confidential Information so received in confidence.

In view of these premises and the mutual covenants contained herein, TECO proposes that the exchange and subsequent use of Confidential and non-Confidential Information between the parties be carried out under the following terms and conditions:

1) As used herein, "Confidential Information" includes without limitation improvements, inventions, concepts, structures, formulas, techniques, processes, apparatus, know-how, data, knowledge about the affairs of the disclosing party (or its clients), and other information of competitive value to the disclosing party (or its clients), whether communicated verbally or in writing. "Confidential Information" does not include information which (a) can be shown by the receiving party to have been in its possession prior to disclosure to it by the transmitting party; (b) at the time of the disclosure hereunder is, or thereafter becomes, through no fault of the receiving party, part of the public domain by publication or otherwise; (c) the receiving party is required to divulge either by a court of law or in order to comply with any federal, state or local law or regulation or by other lawful compulsory order compelling him to do so or to protect the recipient's judicial rights, in each case provided that the disclosure by the recipient is limited to only such disclosure as is necessary for such purpose (after providing the other party with reasonable notice of such requirement to divulge and with an opportunity to obtain a protective order).

2) Each party agrees that for a period of three (3) years ~~five (5) years~~ from the date it receives any such Confidential Information from the other party hereto it will limit its use thereof to the evaluation of the suitability of entering into a business relationship and for the additional purpose, if deemed appropriate by the parties, of negotiating the terms and conditions of an agreement between them, and for no other purpose unless the parties shall otherwise agree in writing.

*RMH*

3) Each party agrees that for a period of ~~3 years~~ 5 years from the date it receives Confidential Information from the other party hereto it will maintain in confidence and not disclose any Confidential Information so received other than to employees who have a need to know the Confidential

*RMA*

information for the purpose described in paragraph 2 hereof and who are under similar obligations of confidentiality and nonuse.

4) Each party agrees not to make any copies in whole or in part of Confidential Information of the other party or to analyze samples of tangible materials included therein, for any purpose other than the purpose set forth in paragraph 2, and will, upon request by the disclosing party, return all tangible materials furnished hereunder and any memoranda relating thereto, including any copies thereof, except that the receiving party may retain one copy of such writing in order to monitor its obligations hereunder.

5) Without limiting the obligations set forth above, party receiving Confidential Information hereunder shall be held to a standard of care in protecting such information no less than the receiving party normally employs to preserve and to safeguard its own Confidential Information of similar kind.

6) No right or license under any patent application, patent or other proprietary right is granted hereunder by implication or otherwise and no commercial obligation on the part of either party is intended or undertaken.

7) This Agreement shall be construed and performance thereof governed by the laws of the State of California, without reference to any otherwise applicable conflicts of laws principles, and may not be changed or modified or released, discharged, abandoned or otherwise terminated in whole or in part, except by an instrument in writing signed by a duly authorized officer of each TECO and AntiCancer. This Agreement shall be binding on the parties hereto and upon their successors in business, but shall not otherwise be assignable.

If these terms and conditions for the exchange and use of Confidential and non-Confidential Information between and TECO and AntiCancer, are acceptable, please indicate your agreement by countersigning and dating the enclosed copy and returning it to TECO, thus bringing the Agreement into effect as of said date.

ACCEPTED AND AGREED TO THIS DAY OF September 18, 2006:

By: _____    By: _____

Name:    Dr. KC Chen                Name: Dr. Robert M. Hoffman

Title:    President of TECO Inc.       Title: President and CEO of AntiCancer Inc.

Date:    September 21, 2006          Date: September 21, 2006