Peter J. Bezek (SBN 102310)
Roger N. Behle, Jr., Esq. (SBN 174755)
**FOLEY BEZEK BEHLE & CURTIS, LLP**
575 Anton Blvd., Suite 710
Costa Mesa, CA 92626
Telephone (714) 556-1700
Facsimile: (714) 546-5005
pbezek@foleybezek.com; rbehle@foleybezek.com

Attorneys for Defendants
TECO DIAGNOSTICS, a California Corporation; KC CHEN,
a natural person; TONG CHIAH, a natural person and JIAN YANG VAECHES,
a natural person

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>TECO DIAGNOSTICS, a California Corporation; KC CHEN, a natural person; TONG CHIAH, a natural person; JIAN YANG VAECHES, a natural person; and DOES 1 through 30, Inclusive,<br><br>Defendants. | **CASE NO.: 07CV2294-L(BLM)**<br><br>Judge: M. James Lorenz<br>Magistrate: Barbara L. Major<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' (UNOPPOSED) COMBINED MOTION TO MODIFY SCHEDULING ORDER DEADLINES AND TO AMEND ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Fed.R.Civ.P. Rule 16(b) and 15(a)<br>[CivLR 7.1.e.2.]<br><br>DATE:       June 23, 2008<br>TIME:       10:30 a.m.<br>COURTROOM: 14 |

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

Defendants Teco Diagnostics, KC Chen, Tong Chiah, and Jian Yang Vaeches ("Defendants") hereby submit their Memorandum of Points and Authorities in support of their (Unopposed) Combined Motion to Modify Scheduling Order Deadlines and to Amend Answer to Plaintiff's Second Amended Complaint ("SAC").

1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

This combined motion is unopposed by Plaintiff. The relief requested by Defendants herein involves a two-step process: *First*, Defendants request that the Court modify the current Scheduling Order to allow amended pleadings to be filed up through and including June 30, 2008. As set forth below, good cause exists to modify the current Scheduling Order[1] and Defendants have been diligent in seeking the requested relief.[2] *Second*, if the Court modifies the current Scheduling Order, as requested, then Defendants further request that they be granted leave to amend their Answer (the "Answer") to the Second Amended Complaint (the "SAC").

As to the first step, Fed. R. Civ. P. 16(b) authorizes the Court to modify a scheduling order upon a showing of "good cause."[3] The "good cause" standard primarily considers the diligence of the party seeking the amendment.[4] In the instant case, Defendants have been diligent in seeking to amend their Answer. On March 27, 2008, current counsel for Defendants substituted into this litigation.[5] Four days later, on March 31, 2008, Defendants were served with four (4) sets of Disclosures of Asserted Claims and Preliminary Infringement Contentions by Plaintiff. Combined, these documents totaled more than eighty (80) pages and were comprised of detailed factual and legal contentions.[6] As the Court is aware, Plaintiff is alleging

---

[1] As used herein, "Scheduling Order" refers to the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings entered by the Honorable Barbara Major on March 18, 2008.

[2] Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(b)(4).

[3] Id.

[4] Mytee Prods. v. H.D. Prods., 2007 U.S. Dist. LEXIS 84933 (S.D. Cal. Nov. 16, 2007).

[5] Declaration of Roger N. Behle, Jr. ("Behle Decl.") ¶ 5.

[6] Behle Decl. ¶ 6.

2

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

infringement of five (5) separate patents, including more than sixty (60) patent claims, in this litigation.

On receipt of this information, Defendants and their counsel promptly began analyzing Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions. Through such review, Defendants determined that they may have additional affirmative defenses to Plaintiff's SAC, beyond those contained in their current Answer to the SAC.[7] The grounds for these defenses only recently became known to Defendants.[8] While it may be argued that Defendants could have sought leave to file an amended answer sooner, clearly Defendants could *not* have known of or assessed any deficiencies in their Answer triggered by Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions until they received and reviewed those documents. Although Defendants had less than three weeks to fully review and analyze the Disclosure of Asserted Claims and Preliminary Infringement Contentions, and to evaluate additional affirmative defenses triggered by these claims and contentions, Defendants diligently prepared a motion to amend their Answer (including a proposed Amended Answer to the SAC) in time for filing by the April 18, 2008 deadline set by the Scheduling Order.

Defendants filed their motion to amend the Answer on April 18, 2008, through the Court's CM/ECF system. However, on April 21, 2008, Defendants were notified that a Discrepancy Order had been issued by the Court rejecting the documents.[9] In short, the Court determined that the manner in which Defendants lodged their documents through the electronic filing system did not comply with the CM/ECF rules. Because the date to amend pleadings set by the Scheduling Order had passed, Defendants were unable to correct the discrepancy and re-submit the documents. Therefore, despite Defendants' diligence in preparing and attempting to

---

[7] Behle Decl. ¶ 7.

[8] Behle Decl. ¶ 8.

[9] Behle Decl. ¶ 9.

3

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

file their motion before the Scheduling Order deadline, Defendants were unable to meet that deadline.

Once Defendants determined that they could no longer meet the Scheduling Order deadline, they promptly commenced efforts to seek to amend the Scheduling Order, in accordance with Fed. R. Civ. P 16(b)(4). To this end, counsel for Defendants immediately met and conferred with Plaintiff's counsel, Dan Lawton, regarding the proposed amended Answer and extension of the Scheduling Order deadline to amend pleadings, to determine whether Plaintiff would oppose Defendants' request.[10]  After several back-and-forth discussions, Mr. Lawton finally confirmed that his client *would not oppose* Defendants' motion to amend its Answer to the SAC.[11]

During this time, Defendants' also filed their Motion to Dismiss, or in the Alternative, to Transfer for Improper Venue and reserved June 23, 2008 with the Court clerk for the hearing of that motion. As further evidence of their diligence, Defendants also reserved June 23, 2008 with the Court clerk for the hearing of the present motion (even before they had completed their meet and confer efforts with Plaintiff).[12]

Therefore, Defendants respectfully request that the Court (1) modify the current Scheduling Order Deadlines to permit amended pleadings to be filed up through and including June 30, 2008 and (2) grant Defendants leave to amend their Answer to their SAC.  Good cause exists to modify the Scheduling Order deadlines in that Defendants have been diligent in reviewing Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions, evaluating the availability of additional affirmative defenses, preparing a Proposed Amended

---

[10] Behle Decl. ¶ 10.

[11] A true and correct copy of Mr. Lawton's letter confirming Plaintiff's non-opposition to the present motion is attached as Exhibit "A" to the Behle Decl.  It should also be noted, however, that *after* Defense counsel received the letter of non-opposition, further discussions were had between counsel clarifying the scope of the parties' agreement. In sum, the result of these discussions was that Plaintiff would agree *not to oppose* Defendants' combined motion, but would *not stipulate* to the same. Behle Decl. ¶ 11.

[12] Behle Decl. ¶ 12.

4

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

Answer and Motion for Leave to Amend, meeting and conferring with opposing counsel, and filing the current combined motion.[13]  In that the parties are only in the early stages of discovery, there will be no prejudice to Plaintiff if the Court modifies the Scheduling Order and grants Defendants leave to amend their Answer.  As noted, Plaintiff does not oppose the current motion.

II.   ARGUMENT

   A.   Good Cause Exists To Modify the Pretrial Scheduling Order

Federal Rule of Civil Procedure Rule 16 authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial and other matters.  Rule 16(b)(4) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause."[14]  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.

In this case, Defendants have been diligent. The Court issued its Scheduling Order on March 18, 2008.  The Scheduling Order required that any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before April 18, 2008.[15]  As set forth above, on March 27, 2008, Defendants substituted in new counsel.[16]  Thereafter, on March 31, 2008, just four (4) days later, Defendants received Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions.  Plaintiff served each of the four Defendants with separate Claims and Contentions. Each of Plaintiff's Claims and Contentions was between nineteen and twenty-three pages, totaling more than eighty pages and including more than sixty

---

[13] A true and correct copy of the proposed amended Answer is attached to the Behle Decl. as Exhibit B.

[14] Fed. R. Civ. P 16(b)(4).

[15] Scheduling Order, P. 1, ll. 24-25.

[16] Behle Decl., ¶ 5.

5

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

(60) patent claims for each of the four Defendants. Upon receipt of Plaintiff's claims and contentions, Defendants began diligently analyzing each of the documents.[17]

Plaintiff's SAC alleges infringement of five patents. Therefore, not only did Plaintiff's claims and contentions present a voluminous amount of material to review and analyze, the claims of Plaintiff's five patents are complicated and complex. Defendants have been diligent and have made every reasonable effort to comply with the deadlines set by the Scheduling Order. However, the shortened time of eighteen days in which to analyze over eighty pages of material, sixty-four patent claims for each of the four defendants and evaluate the potential merit of new affirmative defenses, made compliance with the Scheduling Order deadlines related to amended pleadings extremely difficult to meet, even in the exercise of reasonable diligence.

Moreover, at the time Defendants filed their answer to the SAC (February 4, 2008) they could not have known, nor should they have been expected to know the facts and full extent of Plaintiff's claims.[18] Therefore, only after Defendants were served with Plaintiff's Disclosure of Asserted Claims and Infringement Contentions on March 31, 2008 could Defendants assess any deficiencies in their answer and whether additional affirmative defenses could be raised. Only after analyzing Plaintiff's claims and contentions, and gathering additional facts regarding other possible defenses could Defendants reasonably determine whether leave to amend was warranted. Defendants completed these tasks in eighteen (18) days. Then, after receiving the Court's Notice of Document Discrepancy on April 21, 2008, Defendants diligently met and conferred with Plaintiff's counsel concerning a modification of the Scheduling Order, and promptly prepared the appropriate motion seeking modification the Scheduling Order deadlines, all within thirty (30) days. Other courts have found "good cause" to exist where a party has

---

[17] Behle Decl. ¶ 7.

[18] AmerisourceBergen Corp. v. Dialyst West, Inc., 465 F. 3d 946, 953 (9th Cir. Ariz. 2006).

6

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

moved to modify a scheduling order within this time frame, under circumstances similar to those in the present case.[19]

Further, Plaintiff was given notice of the affirmative defenses Defendants seek to add before this motion was filed. Defendants served Plaintiff with a copy of the amended Answer on April 18, 2008. Since that time counsel for the parties have discussed the proposed affirmative defenses such that Plaintiff is not opposing the combined motions. Therefore, there can be no argument that Plaintiff will be prejudiced by the proposed changes in Defendants strategy because Plaintiff has been on notice about the proposed affirmative defenses contained in the amended Answer. Therefore, unlike a final pretrial order that can only be modified to prevent manifest injustice, this Court can modify a Joint Scheduling Order to allow Defendants to raise an affirmative defense.[20]

Here, there has been no lack of diligence on the part of Defendants. Nor have Defendants been careless. Defendants have made every reasonable effort to meet the Scheduling Order deadlines established by the Court.[21] As a result, good cause exists for this Court to modify the Scheduling Order.

    B.    <u>Assuming Arguendo The Court Finds Good Cause Exists to Modify The Scheduling Order Deadlines Defendants Motion For Leave To Amend Its Answer Should Be Granted</u>

---

[19] <u>Mytee Products, Inc. vs. H.D. Products, Inc.</u>, 2007 U.S. Dist. LEXIS 84933 (S.D. Cal. Nov. 16, 2007) ("[Movant] shows good cause to modify the scheduling order because it diligently moved to amend the complaint *a month* after Judge Rhoades's summary judgment order. . . . [Movant] moved *32 days later* to add Mytee's president LaBarbera and ensure that the dispute could be resolved on the merits, and not on a technical standing defense" (emphasis added)), at 6-7. In the instant case, Defendants have moved to modify the Scheduling Order within 30 days of the April 21, 2008 Discrepancy Order issued by the Court.

[20] <u>Sousa v. Unilab Corp. Class II Members Group Benefit Plan</u>, 252 F. Supp 2d 1046; 2002 U.S. Dist. LEXIS 26404 (2002 E.Dist. CA)

[21] <u>Johnson v. Mammoth Mountain, Inc.</u> (1992) 975 F.2d 604, citing to <u>Engleson v. Burlington Northern R. R. Co.</u>, 972 F. 2d 1038 (9th Cir. 1992).
7

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

The following general standard is to be employed by federal courts in making a Rule 15(a) determination:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be freely given.[22]

### 1. Leave to Amend Pleadings is Freely Given under the Federal Rules

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading . . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." (Fed. R. Civ. P. 15(a)). It is well established that "a district judge should freely grant leave to amend when justice so requires, absent a substantial reason to deny. A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." James W. Moore, et al., Moore's Federal Practice §15.14[1], at 15-26 (3 ed. 1998) (footnote omitted); see, e.g., Martinez v. Newport Beach City 125 F. 3d 777, 785 (9th Cir. 1997). Moreover, federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party.[23] This policy is to be applied with "extreme liberality."[24]

---

[22] Davis, as Executor of the Estate of Dallas Hardy, Jr. v. Piper Aircraft Corporation (1980) 615 F.2d 606; 1980 U.S. App. LEXIS 27104 citing to Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962).
[23] Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).
[24] Eminence Capital, LLC v. Aspeon, Inc. 316 F. 3d 1048, 1051 (9th Cir. 2003).

A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend.[25] However, delay alone, without prejudice, does not support the denial of a motion for leave to amend.[26] As noted above, the parties are only in the early stages of discovery. No written discovery has been exchanged, nor have depositions been taken.[27] Therefore, even if the Court finds amending the answer will cause delay, delay alone, without prejudice does not support denial of Defendants' motion to amend.

Furthermore, in assessing timeliness, the Court should look beyond whether the motion to amend was filed within the period of time allotted in the Rule 16 Scheduling Order. In evaluating undue delay, the Court can consider whether Defendants knew or should have known the facts and theories raised by the amendment in the original pleading.[28] Here, Plaintiff served its Disclosure of Asserted Claims and Preliminary Infringement Contentions on March 31, 2008. This was the first time Plaintiff had disclosed, in detail, the scope of its claims. As a result, Defendants original answer to the SAC (filed on February 4, 2008) could not have addressed the full scope of facts and theories disclosed by Plaintiff on March 31, 2008, nor could Defendants have assessed any deficiencies contained in their Answer. Moreover, over the course of a mere eighteen (18) days, Defendants diligently evaluated the infringement contentions, newly discovered evidence and their Answer in order to prepare a motion to amend in compliance with the Scheduling Order deadline. Therefore, under these circumstances, Defendants clearly have not brought this motion in bad faith. To the contrary, Defendants have not been dilatory and have been diligent in seeking to amend their Answer. It follows that,

---

[25] Coleman v. The Quaker Oats Company (2000) 232 F. 3d 1271; 2000 U.S. App. LEXIS 29508 citing to Lockheed Martin Corp. v. Network Solutions (9th Cir. 1999) 194 F. 3d 980.

[26] Deasy v. Hill, 833 F. 2d 38, 41 (4th Cir. 1987).

[27] Behle Decl. ¶ 13.

[28] AmerisourceBergen Corp. v. Dialyst West, Inc., 465 F. 3d 946, 953 (9th Cir. Ariz. 2006) citing Texaco Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) citing to Jackson v. Bank of Hawaii, 902 F.2d. 1385, 1387 (9th Cir. 1990). In Texaco, the court held that an eight month delay between the time of obtaining a relevant fact and seeking leave to amend was unreasonable.

9

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

since there will be no prejudice to Plaintiff, Defendants motion to amend their Answer should be granted.

### 2. Justice Requires that Defendants be Permitted to Amend Their Answer

Defendants seek leave to add several new affirmative defenses to their Answer, the grounds for which were not originally known to Defendants. The addition of new affirmative defenses to an answer is one of the amendments routinely allowed under Federal Rule of Civil Procedure 15(a).

"One of the purposes for which leave to amend an answer may be granted under Rule 15(a), is to set up additional defenses, particularly defenses which if not pleaded might be waived.3 Moore's Federal Practice (2d ed.) 888-889, P 15.08(3). Thus, where a party wishes to amend his answer to assert a defense which must be stated affirmatively under Rule 8(c), Federal Rules of Civil Procedure, or may be deemed waived under Rule 12(h), Federal Rules of Civil Procedure, 'the amendment should be allowed unless substantial prejudice would result to the opposing party.' Harvey v. Eimco Corp. (1963), 32 F.R.D. 598, 599." American Air Filter Co. v. Industrial Decking & Roofing Corp., 82 F.R.D. 681, 683 (D. Tenn. 1979). Therefore, because Plaintiff will not be prejudiced by Defendants pleading additional affirmative defenses, Defendants should be permitted to amend their Answer.

## III. CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that the Court modify the scheduling order deadlines and grant the instant Motion to amend their Answer.

Dated: May 21, 2008           FOLEY BEZEK BEHLE & CURTIS, LLP


*s/Roger N. Behle, Jr.*
Roger N. Behle, Jr.
Attorneys for Defendants.

10

Case No. 07 CV2294-L (BLM)
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NOTICE OF MOTION AND MOTION TO AMEND ANSWER

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE:

The undersigned hereby certifies that all counsel of record in the *Anticancer, Inc. v. Teco Diagnostics,* Case No. 07CV2294L (BLM), who are deemed to have consented to electronic service, are being served this 21$^{\text{tst}}$ day of May, 2008, with a copy of this document: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' (UNOPPOSED) COMBINED MOTION TO MODIFY SCHEDULING ORDER DEADLINES AND TO AMEND ANSWER TO SECOND AMENDED COMPLAINT** via the Court's CM/ECF as follows:

Dan Lawton, Esq.
Joseph C. Kracht, Esq.
Matt Valenti, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA 92101
619-595-1520 Facsimile

☐ **BY HAND DELIVERY**: I personally delivered a true copy of the above-referenced document(s) to the person(s) listed above.

☐ **BY OVERNIGHT DELIVERY**: I am familiar with the practice at my place of business for collection and processing of documents for overnight delivery with an overnight courier service. The above-referenced document(s) will be placed in an envelope, addressed to the person(s) listed above, sealed, and placed for collection and delivery the next business day with fees fully prepaid in accordance with ordinary business practices.

■ **BY FACSIMILE**: I caused the above-referenced document(s) to be served on the person(s) listed above by facsimile and from Foley Bezek Behle & Curtis, LLP's facsimile machine no. (714) 546-5005.

☐ **BY E-MAIL**: I submitted an electronic version of the above-referenced document(s) to the person(s) whose e-mail address(es) is/are known to me as listed above.

1     ■    <u>**BY MAIL**</u>: I am familiar with the practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. The above-referenced document(s) will placed in an envelope, addressed to the person(s) listed above, sealed, and deposited with the United States Postal Service with postage fully prepaid in accordance with the ordinary course of business.

    ■    **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

    ☐    **(STATE)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I certify that all parties in this case that have made an appearance are represented by counsel who are CM/ECF participants who have consented to electronic service.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Dated: May 21, 2008        FOLEY BEZEK BEHLE & CURTIS, LLP

<u>s/Roger N. Behle, Jr.</u>
Roger N. Behle, Jr.
Attorneys for Defendants.