```
 1  Dan Lawton (State Bar No. 127342)
    Joseph C. Kracht (State Bar No. 228507)
 2  Matt Valenti (State Bar No. 253978)
    LAWTON LAW FIRM
 3  550 West C Street, Suite 1400
    San Diego, CA  92101
 4  (619) 595-1370
    (619) 595-1520 (Telefacsimile Number)
 5  dlawton@lawtonlaw.com (electronic mail)

 6  Attorneys for Plaintiff AntiCancer, Inc.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation, | Case No. 07-CV-2294-L (BLM) |
| Plaintiff, | PLAINTIFF ANTICANCER, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE |
| v. | |
| TECO DIAGNOSTICS, a California corporation; KC CHEN, a natural person; TONG CHIAH, a natural person; JIAN YANG VAECHES, a natural person; and DOES 1-30, | Date: June 23, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 14 |
| Defendants. | |

I.   INTRODUCTION AND SUMMARY OF ARGUMENT.

Three independent bases support denial of defendants' motion to dismiss or transfer venue.

First, defendants have waived any challenge to venue. Their motion follows their participation in an ENE conference, filing of two motions unrelated to venue and an *ex parte* application, submission to the Court's scheduling order and Patent Local Rules, and other acts evincing consent to venue in this District. Defendants' actions led both Court and

AntiCancer to believe defendants consented to venue here. This belief was and is well-justified. Defendants have waived any challenge to venue.

Second, dismissal or transfer would waste this Court's judicial resources. The Court has invested significant time and energy in this case during the past six months of litigation. This factor is a cognizable basis for denying dismissal or transfer.

Third, an order granting this motion would unduly prejudice AntiCancer. AntiCancer is invested in this case, in this District. It has abided by the Patent Local Rules, serving its preliminary infringement contentions as required. (Defendants, for their part, missed their deadline for serving invalidity contentions.) The Central District lacks Patent Local Rules. Transfer there possibly would result in defendants obtaining relief from any requirement that they serve invalidity contentions. This would put AntiCancer at a disadvantage. This would not be fair. AntiCancer's pending summary adjudication motion (set for hearing on July 21) reflects AntiCancer's justifiable investment of its resources in litigation in this Court. These facts also weigh against a dismissal or transfer at this late date.

Defendants' motion should be denied.

II.   BACKGROUND.

The facts and procedural events summarized below are not disputed, except as otherwise noted.

A.   Parties; Lawsuit.

AntiCancer is a California corporation headquartered locally. Its stock is privately held. Among AntiCancer's technologies is a proprietary, patented kit which allows the user to measure homocysteine levels in the blood.[1]

Defendant Teco Diagnostics is a California corporation headquartered in Anaheim, California. It manufactures a range of medical diagnostic products which it sells both domestically and internationally. Defendants Chen, Chiah, and Vaeches are officers of Teco.

---

[1] Homocysteine is an amino acid. Studies show that it plays a critical role in heart disease and stroke. When it comes to preventing heart disease, monitoring homocysteine levels may be more important than monitoring cholesterol levels. Excess homocysteine is not only a major risk factor for heart attacks, it is also a risk factor for diabetes, neurodegenerative diseases, birth defects, and other serious health problems.

The genesis of the case is failed negotiations between AntiCancer and Teco concerning collaboration on the marketing of AntiCancer's patented homocysteine assay kit. After negotiations broke down, Teco publicly announced that it had developed its own kit. AntiCancer believed that Teco actually stole AntiCancer's kit and was passing it off as its own. (Teco denies this.)

This action followed.

B.   Proceedings.

AntiCancer sued on December 7, 2007, claiming damages for patent infringement, breach of contract, theft of trade secrets, and other torts. The operative pleading is AntiCancer's second amended complaint (filed on January 25, 2008). All defendants answered on February 4, 2008. At that time no defendant filed any motion to dismiss or transfer the case. Defendants did assert (in their first affirmative defense) supposedly improper venue.

A series of procedural events ensued.

On January 23, 2008, defendants joined with AntiCancer in moving this Court for an order granting AntiCancer leave to file its second amended complaint. Doc. No. 4. The Court granted the motion the following day. Doc. No. 5.

Next, defendants participated in a Rule 26(f) discovery conference with AntiCancer, jointly submitting the ensuing report and discovery plan to the Court on March 10, 2008. Doc. No. 14. Among other things, defendants agreed to abide by the stipulated protective order approved by this Court as Appendix A to the Patent Local Rules. They also agreed to abide by the discovery and other deadlines issued by Magistrate Judge Barbara L. Major in her forthcoming Case Management Order. *Id*.

Afterward, defendants filed an *ex parte* application seeking approval of a substitution of new counsel (on April 1, 2008). Doc. No. 20. The Court granted the application the next day. Doc. No. 21.

None of these papers made any mention of an intent to challenge venue in this Court.

1. Next, defendants attended a day-long ENE conference conducted by Magistrate Judge Major on March 17, 2008. All defendants attended in person. At the end of the ENE conference, Judge Major told all there assembled she would issue a case management order shortly. No defendant or counsel mentioned anything about improper venue.

Shortly afterward, Judge Major issued a case management order. Doc. No. 16. The Court's order invoked the Patent Local Rules. It set over twenty dates and deadlines, including for service of preliminary infringement contentions (by AntiCancer) and invalidity contentions (by the defense).

AntiCancer began noticing and taking discovery. It took the depositions of defendants Chen and Chiah on June 3. Beforehand, defendants served written objections to the deposition notices (on April 15). The objections made no mention of venue.

Defendants tried to file a motion for leave to amend their answer (to add some additional affirmative defenses) in this Court on April 18. The Court refused the filing for document discrepancies on April 21. Doc. No. 24.

Defendants filed this motion on April 29.

Afterward, however, defendants continued to file papers seeking relief from the Court. For example, on May 21, defendants filed a motion to modify the Court's case management order and for leave to amend their answer. Doc. No. 27. The filing included a proposed order for the Court's signature.

Shortly, defendants will begin their own oral discovery of AntiCancer's witnesses in this District (on June 16 and 27), via depositions of AntiCancer employees to be taken here locally.

III. ARGUMENT.

    A. <u>Defendants' Arguments Lack Merit. This Court Has the Discretion to Keep This Case in This District.</u>

Defendants would take away this Court's discretion to decide whether or not to transfer this case, asserting that the Court must dismiss or transfer if it finds venue improper,

citing 28 U.S.C. §1406(a).[2]  Defendants ignore subdivision (b) of the same statute – which provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose **timely and sufficient objection** to the venue."  (Emphasis added).  This statute empowers the Court to weigh the timeliness and sufficiency of defendants' objection to venue in evaluating their motion.  *See, e.g.*, *Advanced Semiconductor Materials Am. v. Applied Materials*, 1993 U.S. Dist. LEXIS 20045 ** 1-2 (D. Ariz. Sept. 14, 1993) ("decision to transfer on venue grounds is largely a discretionary issue").

This Court has the discretion to choose between three options: dismiss, transfer, or deny the motion.  As explained below, by defendants' own conduct they have waived any challenge to venue now.  It follows the Court should deny their motion.

   B. <u>Defendants Have Waived Any Challenge to Venue By Their Own Conduct.</u>

Defendants' challenge to venue in this Court comes too late and in the wake of multiple acts of waiver.

Defendants waive challenges to improper venue by "failure to assert [them] seasonably, by formal submission in a cause, **or by submission through conduct**."  *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 84 L.Ed.2d 167, 60 S.Ct. 153 (1939) (emphasis added).  Although Rule 12(h)(1)[3] describes one manner of waiver,[4] it "sets

---

[2] 28 U.S.C. §1406(a) reads: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."

[3] All references to Rules are to the Federal Rules of Civil Procedure, except as noted otherwise.

[4] Rule 12(h)(1) provides:

> *When Some Are Waived*.  A party waives any defense listed in Rule 12(b)(2)-(5) by:
>
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or:
>
> (B) failing to either:
>
>  (I) make it by motion under this rule; or:

only the outer limits of waiver; it does not preclude waiver by implication." *Marquest Medical Products, Inc. v. Edme Corporation*, 1980 U.S. Dist. LEXIS 13405, * 5 (D. Colo. 1980) (citing *Neirbo*). See also *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) (asserting jurisdictional defect in answer does "not preserve the defense in perpetuity").

Further, while the defendants are correct in citing the Supreme Court's holding that Section 1400(b) is the "sole and exclusive provision controlling venue" in patent cases, (*Schnell v. Peter Eckridge & Sons, Inc.*, 365 U.S. 260, 262-64, 81 S. Ct. 557, 5 L.Ed. 2d 546 (1961)), it also held – in that same case – that venue could be waived under 1400(b) by "failure to assert it seasonably, by formal submission in a cause, or by submission through conduct," citing *Neirbo*. *Ibid.*

The courts have found waivers of improper venue in multiple cases involving defendants' submissions to local venues similar to those in this case. *See*, *e.g.*, *Ft. Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp.*, 31 F. Supp. 403, 408 (W. D. Pa. 1940) (defendant failed to object to venue until five months after complaint was filed and during which pre-trial discovery was undertaken; defendant "lost the personal privilege of venue"); *Continental Bank, N.A. v. Meyer*, 10 F. 3d 1293, 1297 1993 U.S. App. LEXIS 31338 (7th Cir. 1993) (defendants participated in discovery and filed various motions before unsuccessfully moving for a change of venue; "district court could properly conclude that the defendants delay in urging this threshold issue manifests an intent to submit to the court's jurisdiction"). See also *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2$^{d}$ Cir. 1990) (defendant waived right to object to defective service of process because it attended a settlement conference with the magistrate judge and participated in scheduling discovery and motion practice; defendant's conduct barred it from complaining about defective form of service).

---

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

For the past six months, defendants have availed themselves of the Court's services multiple times – attending an ENE, consenting to entry of a case management order, and filing two motions unrelated to challenging venue. They have consented to venue in this Court. It follows their motion should be denied. *Ibid*.

    C.    <u>Dismissal or Transfer Would Result in a Gross Waste of This Court's Judicial Efforts Heretofore</u>.

This Court has invested considerable time and energy into this case. This, alone, is grounds for denying defendants' motion. If a defendants' conduct "misleads . . . the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum . . . then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue." *American Patriot Insurance Agency, Inc. v. Mutual Risk Management, Ltd.*, 2004 U.S. App. LEXIS 7358 ** 5-6 (7th Cir. 2004).

The Court's efforts on this case have been substantial – presiding over an ENE, issuing a lengthy (18-page) scheduling order, and entertaining three defense motions and an *ex parte* application. Had defendants challenged venue right away, the Court could have dealt with it before sinking its time and energy into the case. Defendants, however, chose to participate voluntarily in litigation in this Court – submitting to the Patent Local Rules, availing themselves of the benefit of the ENE process, asking the Court for orders on motions, and so forth.

    D.    <u>Dismissal or Transfer Would Cause Undue Prejudice to AntiCancer, Who Has Invested Time and Energy into Following the Court's Scheduling Order and Patent Local Rules</u>.

This Court should take into account the undue prejudice would flow from an order granting this motion. AntiCancer has followed the Court's scheduling order and served its preliminary infringement contentions. Defendants, however, have served no invalidity contentions (though those were due on May 30) – and despite the fact their proposed amended answer challenges the validity of AntiCancer's patents. *See* Doc. No. 27-4, Ex. B. Transfer to the Central District would put defendants in a venue where no Patent Local Rules exist and risk an order vacating this Court's scheduling order – thus relieving defendants of

the obligation of serving invalidity contentions.  This would be manifestly unfair because AntiCancer would have put its cards on the table (but defendants would not have, nor would they be required to).

III.   CONCLUSION

    For all the above reasons, this Court should deny defendants' motion.


Dated: June 9, 2008                  LAWTON LAW FIRM


                              By:    s/Matt Valenti

                                    Matt Valenti
                                    Attorneys for Plaintiff AntiCancer, Inc.