Peter J. Bezek (SBN 102310)
Roger N. Behle, Jr., Esq. (SBN 174755)
**FOLEY BEZEK BEHLE & CURTIS, LLP**
575 Anton Blvd., Suite 710
Costa Mesa, CA 92626
Telephone (714) 556-1700
Facsimile: (714) 546-5005
pbezek@foleybezek.com; rbehle@foleybezek.com

Attorneys for Defendants
TECO DIAGNOSTICS, a California Corporation; KC CHEN, TONG CHIAH,
a natural person; TONG CHIAH, a natural person and JIAN YANG VAECHES,
a natural person

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC. C., a California Corporation<br><br>        Plaintiff,<br>    vs.<br><br>TECO DIAGNOSTICS, a California Corporation; KC CHEN, a natural person; TONG CHIAH, a natural person; JIAN YANG VAECHES, a natural person; and DOES 1 through 30, Inclusive,<br><br>        Defendants. | **CASE NO.: 07CV2294-L(BLM)**<br><br>Judge: M. James Lorenz,<br>Magistrate: Barbara L. Major<br><br>[PROPOSED] **AMENDED ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

## AMENDED ANSWER TO SECOND AMENDED COMPLAINT

Defendants, Teco Diagnostics, a California Corporation ("Teco"), KC CHEN ("Chen"), Tong Chiah ("Chiah"), and JIAN YANG VAECHES ("Vaeches") collectively the Defendants, by and through their attorneys, hereby amend their Answer to the Second Amended Complaint filed by Plaintiff, ANTICANCER, INC. a California Corporation

1

("Anticancer") and admit, deny and allege as follows:

1.     Defendants deny each and every allegation of the Second Amended Complaint except paragraphs 5, 6, 7, 8, 12, 13, 14, 15 and 16.

2.     Defendants admit the allegations in paragraphs 5, 6, 7, 8, 12, 13, 14 and 15.

3.     For paragraph 16, Defendants deny the allegations to the extent that it implies that negotiations broke down before Teco Diagnostics made the public announcement. Defendants otherwise admit the allegations in this paragraph.

The Defendants assert the following affirmative defenses to the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Improper Venue)

1.     This Court is not the proper venue.  This case should have been filed with the Central District.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     AntiCancer's claims are barred by the Doctrine of Waiver.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     AntiCancer's claims are barred by the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Abandonment)

4.     The doctrine of abandonment bars AntiCancer's Second Amended Complaint and each and every cause of action contained therein.

### FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.     Defendants are informed and believe that AntiCancer's Second Amended Complaint and each and every cause of action therein is barred by and/or limited by the

applicable statute of limitations thereto.

## SIXTH AFFIRMATIVE DEFENSE

### (Fails to State A Cause Of Action)

6.     AntiCancer's Second Amended Complaint fails to state any claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Invalid '191 Patent)

7.     The '191 patent and all claims thereof have been, and are, invalid and fail to meet the conditions of patentability specified in Title 35, United States Code, including in particular §§ 101,102,103, and 112 of said title.

## EIGHTH AFFIRMATIVE DEFENSE

### (Invalid '467 Patent)

8.     The '467 patent and all claims thereof have been, and are, invalid and fail to meet the conditions of patentability specified in Title 35, United States Code, including in particular §§ 101,102,103, and 112 of said title.

## NINTH AFFIRMATIVE DEFENSE

### (Invalid '102 Patent)

9.     The '102 patent and all claims thereof have been, and are, invalid and fail to meet the conditions of patentability specified in Title 35, United States Code, including in particular §§ 101,102,103, and 112 of said title.

## TENTH AFFIRMATIVE DEFENSE

### (Invalid '446 Patent)

10.     The '446 patent and all claims thereof have been, and are, invalid and fail to meet the conditions of patentability specified in Title 35, United States Code, including in particular §§ 101,102,103, and 112 of said title.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalid '762 Patent)

11.     The '762 patent and all claims thereof have been, and are, invalid and fail to meet the conditions of patentability specified in Title 35, United States Code, including in

3

particular §§ 101,102,103, and 112 of said title.

## TWELVTH AFFIRMATIVE DEFENSE

### (No Infringement of '191 Patent)

12.    Defendants have not infringed the '191 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '191 patent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Infringement of '467 Patent)

13.    Defendants have not infringed the '467 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '467 patent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Infringement of '102 Patent)

14.    Defendants have not infringed the '102 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '102 patent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Infringement of '446 Patent)

15.    Defendants have not infringed the '446 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '446 patent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Infringement of '762 Patent)

16.    Defendants have not infringed the '762 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '762 patent.

///

///

[PROPOSED] AMENDED ANSWER TO SECOND AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse-Total Sales Royalty)

17.    The Defendants are informed and believe, and upon such basis allege that AntiCancer has committed misuse of the '191, '467, '102, '446, '762 patents ("Patents-In-Suit") in that it has conditioned licenses of said patents upon an agreement by licensees to pay royalties based on total sales rather than on actual use. AntiCancer has thus attempted to use its patent leverage to coerce a promise to pay royalties from licensees on items not claimed in the Patents-In-Suit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse-Package Licensing)

18.    The Defendants are informed and believe, and upon such basis allege that AntiCancer has committed misuse of the Patents-In-Suit in that it has conditioned licenses of said patents upon an agreement by licensees to obtain a "package" license on several AntiCancer patents.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Right To Jury Trial)

19.    AntiCancer has no right to a jury trial in this action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Disclosure of Prior Art)

20.    The claims of the Patents-In-Suit have been disclosed in the prior art.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

21.    AntiCancer is precluded, under the doctrine of Prosecution History (File Wrapper) Estoppel, from seeking constructions of the claims of the Patents-In-Suit that are inconsistent with the prosecution thereof before the United States Patent and Trademark Office. To that end, AntiCancer cannot resurrect subject matter surrendered during the prosecution of the Patents-In-Suit before the United States Patent and Trademark Office.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Breach and Forfeit by AntiCancer)

22.    The Defendants are informed and believe, and upon such basis allege that AntiCancer has breached its obligations under the contract upon which its claims are based, and by reason of such breaches, has forfeited any right to assert such claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Implied License)

23.    AntiCancer created an implied license by its words and conduct which gave Defendants the impression that AntiCancer consented to Defendants' use, sale, marketing, and/or offer of sale its product.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

24.    AntiCancer's claims are barred by the Doctrine of Estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

25.    This complaint is barred by the fact that Anticancer lacks standing to bring an action as against the natural person Defendants.    These Defendants are not parties to the transaction.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants respectfully request that this Court:

A.    Enter judgment that Plaintiff, AntiCancer take nothing by reason of its Second Amended Complaint in this matter.

B.    Enter judgment that Defendants have not infringed the '191 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '191 patent.

C.    Enter judgment that Defendants have not infringed the '467 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '467 patent.

[PROPOSED]  AMENDED  ANSWER  TO  SECOND  AMENDED  COMPLAINT

D.   Enter judgment that Defendants have not infringed the '102 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '102 patent.

E.   Enter judgment that Defendants have not infringed the '446 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '446 patent.

F.   Enter judgment that Defendants have not infringed the '762 patent and the marketing, manufacture, sale, and/or distribution of medical tests and devices, via their website or other means, will not infringe the '762 patent.

G.   Enter judgment that the '191 patent is invalid.

H.   Enter judgment that the '467 patent is invalid.

I.   Enter judgment that the '102 patent is invalid.

J.   Enter judgment that the '446 patent is invalid.

K.   Enter judgment that the '762 patent is invalid.

L.   Enter an order dismissing the Second Amended Complaint of AntiCancer, with prejudice, and denying AntiCancer's relief requested in the Second Amended Complaint and any relief whatsoever.

M.   Award Defendants reasonable attorney's fees and costs.

N.   For such other relief and the Court deems just and proper.

Dated: May 20, 2008                    FOLEY BEZEK BEHLE & CURTIS, LLP


                                       *s/Roger N. Behle, Jr.*
                                       Roger N. Behle, Jr.
                                       Attorneys for Defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-8-

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a jury trial in this matter.

Dated: May 20, 2008          FOLEY BEZEK BEHLE & CURTIS, LLP


                                        _s/Roger N. Behle, Jr._
                                        Roger N. Behle, Jr.
                                        Attorneys for Defendants.

8

# EXHIBIT
# A
# 1

# EXHIBIT
# A
# 1

# EXHIBIT
# C
# 1

# EXHIBIT
# C
# 1

1  Dan Lawton (State Bar No. 127342)
   Joseph C. Kracht (State Bar No. 228507)
2  Matt Valenti (State Bar No. 253978)
   LAWTON LAW FIRM
3  550 West C Street, Suite 1400
   San Diego, CA  92101
4  (619) 595-1370
   (619) 595-1520 (Telefacsimile Number)
5  dlawton@lawtonlaw.com (electronic mail)

6  Attorneys for Plaintiff AntiCancer, Inc.

7

8

9                  IN THE UNITED STATES DISTRICT COURT

10              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12  ANTICANCER, INC., a California      )    Case No. 07-CV-2294-L (BLM)
    corporation,                       )
13                                     )    SECOND AMENDED COMPLAINT FOR
          Plaintiff,                   )    DAMAGES AND OTHER RELIEF FOR
14                                     )    INFRINGEMENT OF U.S. PATENTS
    v.                                 )    NOS. 5,998,191, 6,066,467, 6,140,102,
15                                     )    6,448,446, AND 6,468,762; BREACH OF
    TECO DIAGNOSTICS, a California      )    CONTRACT; THEFT OF TRADE
16  corporation; KC CHEN, a natural person; )  SECRETS AND OTHER TORTS;
    TONG CHIAH, a natural person; JIAN  )    DEMAND FOR TRIAL BY JURY AND
17  YANG VAECHES, a natural person; and )    FOR SPEEDY HEARING
    DOES 1-30,                         )
18                                     )
          Defendants.                  )
19                                     )
                                       )
20  _____  )

21

22        For its claims for relief against defendants Teco Diagnostics, KC Chen, Tong Chiah,

23  and Jian Yang Vaeches, plaintiff AntiCancer, Inc. ("Plaintiff" or "AntiCancer") alleges as

24  follows:

25                         JURISDICTION AND VENUE

26        1.     This action for patent infringement arises under the patent laws of the United

27  States, Title 35 of the United States Code, and under 28 U.S.C. § 2201 and Fed. R. Civ. P.

28  57.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

3.      Venue is proper in this judicial district under pertinent law, including, *inter alia*, 28 U.S.C. §§ 1391(b), (c).

<u>THE PARTIES</u>

4.      Plaintiff is a corporation organized and existing under the laws of the State of California and having as its principal place of business San Diego, California.

5.      Defendant Teco Diagnostics ("Teco") is a corporation organized and existing under the laws of the State of California and having as its principal place of business Anaheim, California.

6.      Defendant KC Chen ("Mr. Chen") is a natural person and President of Teco.

7.      Defendant Tong Chiah ("Mr. Chiah") is a natural person and Project Manager of Teco.

8.      Defendant Jian Yang Vaeches ("Ms. Vaeches") is a natural person and Operation Manager of Teco.

9.      The true names and capacities, whether individual, corporate, associate, representative or otherwise, of DOES 1 through 30, inclusive, are unknown to plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of said defendants when they are ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants named as a Doe, along with the named defendants, is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages herein alleged were legally or proximately caused by said defendants. Wherever it is alleged that any act or omission was also done or committed by any specifically named defendant, or by defendants generally, plaintiff intends thereby to allege, and does allege, that the same act or omission was also done and committed by each and every defendant named as a Doe, and each named defendant, both separately and in concert or conspiracy with the named defendants.

1    10.    At all times mentioned herein, defendants, and each of them, were the agents,

2  servants, co-conspirators, or employees of one another, and the acts and omissions herein

3  alleged were done or suffered by them, acting individually and through or by their alleged

4  capacity, within the scope of their authority.  Each of the defendants aided and abetted and

5  rendered substantial assistance in the accomplishment of the acts complained of herein.  In

6  taking the actions, as particularized herein, to aid and abet and substantially assist in the

7  commission of the misconduct complained of, each defendant acted with an awareness of his,

8  her or its primary wrongdoing and realized that his, her or its conduct would substantially

9  assist in the accomplishment of that misconduct and was aware of his, her or its overall

10  contribution to, and furtherance of the conspiracy, common enterprise, and common course

11  of conduct.  Defendants' acts of aiding and abetting included, *inter alia*, all of the acts each

12  defendant is alleged to have committed in furtherance of the conspiracy, common enterprise,

13  and common course of conduct complained of herein.

14                    DEFENDANTS' WRONGFUL COURSE OF CONDUCT

15    11.    AntiCancer is a locally-headquartered company whose stock is privately held.

16  Among AntiCancer's technologies is a proprietary, patented Automatic Enzymatic

17  Homocysteine Assay ("Homocysteine Assay").  The Homocysteine Assay is marketed by

18  A/C Diagnostics, LLC ("A/C Diagnostics"), a fully-owned subsidiary of AntiCancer, Inc.

19  The patents covering the Homocysteine Assay are owned by AntiCancer, Inc.  The

20  Homocysteine Assay is a procedure which measures the total homocysteine (tHCY) in blood

21  plasma and serum.  Studies have shown that homocysteine, an amino acid, plays a critical

22  role in heart disease and stroke, and may be more important to monitor than cholesterol levels

23  for preventing heart disease.  Excess tHCY is a major risk factor for heart attacks, and is also

24  a risk factor for diabetes, neurodegenerative diseases, birth defects, and other serious health

25  problems.  The A/C Diagnostics Homocysteine Assay is based on a patented process using a

26  genetically engineered homocysteine enzyme, and utilizes a simple, accurate, and fully-

27  automatic method for measuring tHCY.  The FDA has granted AntiCancer clearance to

28  market the A/C Diagnostics Enzymatic Homocysteine Assay (501(k) no. K030754).

12.     Teco is a company headquartered in Anaheim, California, whose stock is privately held. It manufactures a range of medical diagnostic products which it sells both domestically and internationally.

13.     In August 2006, Teco's product manager, Tong Chiah, contacted AntiCancer and expressed interest in developing a business relationship whereby Teco would market and sell the Homocysteine Assay kits in conjunction with an analyzer machine produced by Teco. At that time, the Homocysteine Assay kits were only used with two instruments – the Hitachi 912 and AntiCancer's own portable reader. AntiCancer expressed interest in working with Teco to extend the use of its assay kits to other machines, including the Beckman Synchron CX.

14.     Teco proposed an agreement which called for AntiCancer to sell two hundred and fifty Homocysteine Assay kits to Teco per month, for a term of one year, at $1.10 per test (with 100 tests per kit). Teco proposed that the agreement cover a territory of 25 states.

15.     AntiCancer rejected this initial proposal, informing Teco that it could only promise 50 Homocysteine Assay kits a month, and insisting that the territory be limited to California. Teco accommodated these changes. As the negotiations continued, Tong Chiah requested that AntiCancer ship two kits to Teco, so that the kits could be tested on Teco's Beckman Synchron CX machine. Prior to the shipment of these kits, AntiCancer insisted that Teco sign a confidential non-disclosure agreement. A true and correct copy of the non-disclosure agreement ("Agreement") is attached hereto as Exhibit A and is fully incorporated herein by this reference. On September 21, 2006, Dr. KC Chen, President of Teco, and Dr. Robert M. Hoffman, President and CEO of AntiCancer and A/C Diagnostics, signed the non-disclosure agreement. The agreement expressly states that for a period of five years the parties agree not to use confidential information from each other for any purpose other than to evaluate the suitability of entering a business relationship or for negotiating the terms of any such relationship. On October 18, 2006, in reliance on this agreement, AntiCancer

1   shipped Teco one Homocysteine Assay kit, one AntiCancer portable reader, and detailed

2   calibration instructions, for a total price of $1,600.

3       16.    Negotiations between the parties eventually broke down, and no licencing

4   agreement was signed, nor did AntiCancer give Teco permission to market its Homocysteine

5   Assay kits. Nevertheless, on November 9, 2006, Teco publically announced that it had

6   developed a homocysteine assay kit which utilizes a genetically-engineered enzyme, the same

7   process patented by AntiCancer. Teco marketing materials for this product include a picture

8   showing 11 bottles labeled "A/C Enzymatic HCY Assay" – the very same A/C Diagnostics

9   bottles which were provided by AntiCancer to Teco in the Homocysteine Assay kit.

FIRST CLAIM FOR RELIEF

(Infringement of '191 Patent)

(Against All Defendants)

13       17.    Plaintiff realleges and incorporates by reference as though fully set forth

14   preceding paragraphs 1 through 16.

15       18.    United States Patent No. 5,998,191 (the "'191 Patent") issued on December 7,

16   1999. A true and correct copy of the '191 Patent is attached hereto as Exhibit "B" and

17   incorporated herein by this reference.

18       19.    Plaintiff is the sole owner of the '191 Patent.

19       20.    Plaintiff is informed and believes that defendants have infringed, and still are

20   infringing, the '191 patent by making, using, selling, offering for sale and/or licensing

21   products and services covered by one or more claims of the '191 Patent without plaintiff's

22   authorization or consent. These products and services include, *inter alia*, the Teco

23   Diagnostics Homocysteine Assay, catalogue no. H650.

24       21.    Plaintiff is informed and believes that defendants have infringed the '191

25   Patent, and will continue to do so unless enjoined by this Court.

26       22.    Plaintiff is informed and believes, and on that basis alleges, that defendants are

27   aware of the '191 Patent and that their infringement has been willful.

28

23.    By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

24.    The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

SECOND CLAIM FOR RELIEF

(Infringement of '467 Patent)

(Against All Defendants)

25.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 24.

26.    United States Patent No. 6,066,467 (the "'467 Patent") issued on May 23, 2000.  A true and correct copy of the '467 Patent is attached hereto as Exhibit "C" and incorporated herein by this reference.

27.    Plaintiff is the sole owner of the '467 Patent.

28.    Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '467 patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '467 Patent without plaintiff's authorization or consent.  These products and services include, *inter alia*, the Teco Diagnostics Homocysteine Assay, catalogue no. H650.

29.    Plaintiff is informed and believes that defendants have infringed the '467 Patent, and will continue to do so unless enjoined by this Court.

30.    Plaintiff is informed and believes, and on that basis alleges, that defendants are aware of the '467 Patent and that their infringement has been willful.

31.    By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

32.    The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**

(Infringement of '102 Patent)

(Against All Defendants)

33.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 32.

34.    United States Patent No. 6,140,102 (the "'102 Patent") issued on October 31, 2000.  A true and correct copy of the '102 Patent is attached hereto as Exhibit "D" and incorporated herein by this reference.

35.    Plaintiff is the sole owner of the '102 Patent.

36.    Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '102 patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '102 Patent without plaintiff's authorization or consent.  These products and services include, *inter alia*, the Teco Diagnostics Homocysteine Assay, catalogue no. H650.

37.    Plaintiff is informed and believes that defendants have infringed the '102 Patent, and will continue to do so unless enjoined by this Court.

38.    Plaintiff is informed and believes, and on that basis alleges, that defendants are aware of the '102 Patent and that their infringement has been willful.

39.    By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

40.    The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

**FOURTH CLAIM FOR RELIEF**

(Infringement of '446 Patent)

(Against All Defendants)

41.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 40.

42. United States Patent No. 6,448,446 (the "'446 Patent") issued on September 10, 2002. A true and correct copy of the '446 Patent is attached hereto as Exhibit "E" and incorporated herein by this reference.

43. Plaintiff is the sole owner of the '446 Patent.

44. Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '446 patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '446 Patent without plaintiff's authorization or consent. These products and services include, *inter alia*, the Teco Diagnostics Homocysteine Assay, catalogue no. H650.

45. Plaintiff is informed and believes that defendants have infringed the '446 Patent, and will continue to do so unless enjoined by this Court.

46. Plaintiff is informed and believes, and on that basis alleges, that defendants are aware of the '446 Patent and that their infringement has been willful.

47. By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

48. The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

**FIFTH CLAIM FOR RELIEF**

(Infringement of '762 Patent)

(Against All Defendants)

49. Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 48.

50. United States Patent No. 6,468,762 (the "'762 Patent") issued on October 22, 2002. A true and correct copy of the '762 Patent is attached hereto as Exhibit "F" and incorporated herein by this reference.

51. Plaintiff is the sole owner of the '762 Patent.

52. Plaintiff is informed and believes that defendants have infringed, and still are infringing, the '762 patent by making, using, selling, offering for sale and/or licensing

1   products and services covered by one or more claims of the '762 Patent without plaintiff's

2   authorization or consent.  These products and services include, *inter alia*, the Teco

3   Diagnostics Homocysteine Assay, catalogue no. H650.

4         53.    Plaintiff is informed and believes that defendants have infringed the '762

5   Patent, and will continue to do so unless enjoined by this Court.

6         54.    Plaintiff is informed and believes, and on that basis alleges, that defendants are

7   aware of the '762 Patent and that their infringement has been willful.

8         55.    By reason of the foregoing, plaintiff has suffered damages in an amount to be

9   proven at trial and, in addition, has suffered irreparable loss and injury.

10        56.    The acts of infringement described above are willful, deliberate and in reckless

11   disregard of plaintiff's patent rights.

12 SIXTH CLAIM FOR RELIEF

13 (For Misappropriation of Trade Secrets)

14 (Against All Defendants)

15        57.    Plaintiff realleges and incorporates by reference as though fully set forth

16   preceding paragraphs 1 through 56.

17        58.    AntiCancer owned trade secrets concerning its patented technology.  These

18   trade secrets consisted of information (including formulas, patterns, compilations, programs,

19   devices, methods, techniques, and/or processes) which derived independent economic value

20   (both actual and potential) from not being known to the public or other persons who could

21   obtain economic value from their disclosure or use and which were the subject of its efforts

22   which were reasonable under the circumstances to maintain their secrecy, all within the

23   meaning of California Civil Code section 3426 *et seq.*

24        59.    By taking the actions described hereinabove, defendants misappropriated

25   AntiCancer's trade secrets.

26        60.    As a legal and proximate result of defendants' misappropriation of

27   AntiCancer's trade secrets, AntiCancer has been damaged in an amount to be proven at trial

28   pursuant to the provisions of California Civil Code section 3426.3 *et seq.*

61.    In addition, as a consequence of defendants' misappropriations of its trade secrets, AntiCancer is entitled to a decree ordering defendants to disgorge to AntiCancer all amounts by which they have unjustly enriched themselves pursuant to California Civil Code section 3426.3, subdivision (a).

62.    In the alternative, AntiCancer is entitled to payment of a reasonable royalty pursuant to California Civil Code section 3426.3, subdivision (b).

63.    In addition, because defendants' misappropriation was in bad faith and committed oppressively, fraudulently, willfully, and maliciously, AntiCancer is entitled to an award of its reasonable attorney's fees per California Civil Code section 3426.4 (as well as an award of exemplary damages per California Civil Code sections 3294, 3426.3).

<u>SEVENTH CLAIM FOR RELIEF</u>

(For Intentional Interference with Prospective Economic Advantage)

(Against All Defendants)

64.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 63.

65.    In 2006 and thereafter, plaintiff enjoyed a prospective economic advantage – license fees and royalty income from licensing of its patented technology.  Plaintiff had prospective business relationships who would pay such license fees and royalties in exchange for the right to use its patented technology.

66.    These prospective business relationships contained the probability of future economic rewards for plaintiff.  Defendants knew of the existence of these prospective business relationships.

67.    By stealing AntiCancer's trade secrets, defendants intentionally disrupted these prospective business relationships, and actually did disrupt them.  Defendants' actions were outside the privilege of fair competition and not justified.  As a legal and proximate result, AntiCancer has lost the profits it would have enjoyed from the agreements into which it could and would have entered with third parties for sales and/or leases of the machine but for defendants' misconduct.

68.    Defendants acted wantonly, willfully, maliciously, oppressively, and fraudulently.  As a consequence, they should be assessed exemplary damages so as to punish and make an example of them and in order to deter others from similar misconduct in the future.

EIGHTH CLAIM FOR RELIEF

(For Unfair Competition in Violation of the Unfair Competition Law)

(Against All Defendants)

69.    Plaintiff realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 68.

70.    Defendants took the actions described hereinabove for the twin purposes of harming competition and AntiCancer.  In so doing, defendants committed unlawful, unfair and fraudulent business acts and practices, thus violating the provisions of the Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*

71.    As a legal and proximate result of defendants' wrongful course of conduct, AntiCancer has lost profits which it would have enjoyed otherwise (from sales and contract research), in an amount to be proven at trial and trebled pursuant to the provisions of California Business and Professions Code section 17082.

72.    Further, AntiCancer is entitled to decrees enjoining defendants from all further manufacture and sale of component parts of the Teco Homocysteine Assay, ordering them to cease and desist therefrom, and enjoining them to disgorge all ill-gotten gains received heretofore to AntiCancer, all pursuant to the provisions of California Business and Professions Code section 17203.

73.    Defendants acted wantonly, willfully, maliciously, oppressively, and fraudulently.  As a consequence, they should be assessed exemplary damages so as to punish and make an example of them and in order to deter others from similar misconduct in the future.

///

///

<u>NINTH CLAIM FOR RELIEF</u>

(For Fraud and Deceit)

(Against All Defendants)

74.    AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 73.

75.    Teco commenced a fraudulent plan and a continuing course of conduct aimed at inducing AntiCancer to provide samples of patented technology to Teco for the purpose of using those samples to create and market its own products. In furtherance thereof, Teco made multiple false and misleading statements of material facts, concealed true facts it was bound to disclose, and omitted to state material facts. Teco's statements and omissions were false and deceitful, and Teco knew them to be so.

76.    In justifiable reliance on Teco's statements and omissions, AntiCancer was induced to provide testing samples of patented products which it would not ordinarily provide to a competitor. Had AntiCancer known the true facts, it would not have provided these samples to Teco. As a direct and proximate result of Teco's misconduct, AntiCancer has been damaged in an amount to be proven at trial.

77.    Teco's misconduct was despicable and motivated by and done with malice, fraud, and oppression, thus warranting an award of exemplary damages against the defendants.

<u>TENTH CLAIM FOR RELIEF</u>

(For Breach of Contract)

(Against All Defendants)

78.    AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 77.

79.    On September 21, 2006, plaintiff and defendants entered into a written agreement, a true and correct copy of which is attached hereto as Exhibit "A." The agreement was signed by Dr. KC Chen, President of Teco, and Dr. Robert M. Hoffman, President and CEO of AntiCancer and A/C Diagnostics.

80.     By the terms of that written agreement, for a period of five years the parties agreed not to use confidential information from each other for any purpose other than to evaluate the suitability of entering a business relationship or for negotiating the terms of any such relationship.

81.     The consideration set forth in that agreement was fair and reasonable. Plaintiff has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the contract.  On or about November 9, 2006, the defendants breached said contract by offering for sale products which were manufactured and marketed using the confidential information protected under the contract.

82.     By reason of defendants' breach, AntiCancer has suffered damages in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

A.     That all defendants, and each of them, be adjudged to have infringed the '191, '476, '102, '446 and '762 patents under 35 U.S.C. § 271(a), (b), (c) and (g);

B.     That all defendants, and each of them, be adjudged to have willfully infringed the '191, '476, '102, '446 and '762 patents under 35 U.S.C. § 271(a), (b), (c), and (g);

C.     That defendants, and each of them, as well as their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them be preliminarily and permanently restrained and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '191, '476, '102, '446 and '762 patents;

D.     That the Court award damages to compensate AntiCancer for the defendants' infringement of the '191, '476, '102, '446 and '762 patents, as well as enhanced damages pursuant to 35 U.S.C. § 284;

E.     That the Court award AntiCancer its attorney's fees pursuant to 35 U.S.C. § 285;

1       F.      That the Court assess pre-judgment and post-judgment interest and costs of suit

2   against defendants, and award such interest and costs to AntiCancer;

3       G.      For an award of general and special damages according to proof at trial;

4       H.      For treble damages pursuant to the provisions of California Business and

5   Professions Code § 17082;

6       I.      For decrees enjoining defendants from all further manufacture and sale of

7   infringing products and exploitation of AntiCancer's trade secrets and ordering them to cease

8   and desist therefrom and disgorge all ill-gotten gains received heretofore to AntiCancer;

9       J.      For a decree ordering defendants to disgorge to AntiCancer all sums whereby

10  they have been unjustly enriched;

11      K.      For an award of a reasonable royalty pursuant to California Civil Code

12  §3426.3, subd. (b);

13      L.      For an award of exemplary damages;

14      M.      For an award of attorney's fees according to statute; and

15      N.      For such other and further relief as this Court may deem just and proper.

16

17                           Respectfully submitted,

18  Dated: January 25, 2008        LAWTON LAW FIRM

19

20

                         By:    s/Dan Lawton

21                                Dan Lawton

22                                Attorney for Plaintiff AntiCancer, Inc.

23

24

25

26

27

28

1

## DEMAND FOR TRIAL BY JURY

2      Plaintiff hereby demands a trial by jury as to all issues triable by jury.

3

4                              Respectfully submitted,

5    Dated: January 25, 2008      LAWTON LAW FIRM

6

7                         By:    s/Dan Lawton
                                 Dan Lawton
8                                Attorney for Plaintiff AntiCancer, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE:

The undersigned hereby certifies that all counsel of record in the *Anticancer, Inc. v. Teco Diagnostics*, Case No. 07CV2294L (BLM), who are deemed to have consented to electronic service, are being served this 22nd day of May, 2008, with a copy of this document: **EXHIBITS TO DECLARATION OF ROGER N. BEHLE, JR. IN SUPPORT OF DEFENDANTS' (UNOPPOSED) COMBINED MOTION TO MODIFY SCHEDULING ORDER DEADLINES AND MOTION TO AMEND ANSWER TO SECOND AMENDED COMPLAINT** via the Court's CM/ECF as follows:

Dan Lawton, Esq.
Joseph C. Kracht, Esq.
Matt Valenti, Esq.
LAWTON LAW FIRM
550 West C Street, Suite 1400
San Diego, CA 92101
619-595-1520 Facsimile

□    **BY HAND DELIVERY**: I personally delivered a true copy of the above-referenced document(s) to the person(s) listed above.

□    **BY OVERNIGHT DELIVERY**: I am familiar with the practice at my place of business for collection and processing of documents for overnight delivery with an overnight courier service. The above-referenced document(s) will be placed in an envelope, addressed to the person(s) listed above, sealed, and placed for collection and delivery the next business day with fees fully prepaid in accordance with ordinary business practices.

■    **BY FACSIMILE**: I caused the above-referenced document(s) to be served on the person(s) listed above by facsimile and from Foley Bezek Behle & Curtis, LLP's facsimile machine no. (714) 546-5005.

□    **BY E-MAIL**: I submitted an electronic version of the above-referenced document(s) to the person(s) whose e-mail address(es) is/are known to me as listed above.

1    ■    **BY MAIL**: I am familiar with the practice at my place of business for collection

2  and processing of correspondence for mailing with the United States Postal Service.  The

3  above-referenced document(s) will placed in an envelope, addressed to the person(s) listed

4  above, sealed, and deposited with the United States Postal Service with postage fully prepaid in

5  accordance with the ordinary course of business.

6    ■    **(FEDERAL)** I declare that I am employed in the office of a member of the Bar

7  of this Court at whose direction the service was made.

8    □    **(STATE)** I declare that I am employed in the office of a member of the Bar of

9  this Court at whose direction the service was made.

10    I certify that all parties in this case that have made an appearance are represented by

11  counsel who are CM/ECF participants who have consented to electronic service.

12    I declare under penalty of perjury under the laws of the State of California and the

13  United States of America that the above is true and correct.

Dated:  May 22, 2008              FOLEY BEZEK BEHLE & CURTIS, LLP

14

15                              *s/Roger N. Behle, Jr.*
                               Roger N. Behle, Jr.
16                              Attorneys for Defendants.

17

18

19

20

21

22

23

24

25

26

27

28