IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TECO DIAGNOSTICS, a California corporation; KC CHEN, a natural person; TONG CHIAH, a natural person; JIAN YANG VAECHES, a natural person; and DOES 1-30,<br><br>　　　　Defendants.<br>_____ | Case No.  07CV2294-L(BLM)<br><br>PROTECTIVE ORDER |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial

information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

        The Lawton Law Firm; and

        Foley Bezek Behle & Curtis, LLP.

"Counsel" shall also include Reza Savari, attorney for Plaintiff, and, Robert Fish, attorney for Defendant.

GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to

1  interrogatories, responses to requests for admission, trial testimony, deposition testimony,
2  and transcripts of trial testimony and depositions, or information that the producing party
3  believes should be subject to this Protective Order may designate the same as
4  "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

       a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

       b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

       a.    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of

1         this Order; such designation shall be made on the record
2         whenever possible, but a party may designate portions of
3         depositions as containing Confidential Information after
4         transcription of the proceedings; a party shall have until fifteen
5         (15) days after receipt of the deposition transcript to inform the
6         other party or parties to the action of the portions of the transcript
7         designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR
8         COUNSEL ONLY;"
9     b.    the disclosing party shall have the right to exclude from attendance at
10         said deposition, during such time as the Confidential Information is to
11         be disclosed, any person other than the deponent, counsel (including
12         their staff and associates), the court reporter, and the person(s) agreed
13         upon pursuant to paragraph 8 below; and
14     c.    the originals of said deposition transcripts and all copies thereof shall
15         bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR
16         COUNSEL ONLY," as appropriate, and the original or any copy
17         ultimately presented to a court for filing shall not be filed unless it can
18         be accomplished under seal, identified as being subject to this Order,
19         and protected from being opened except by order of this Court.
20    7.    All Confidential Information designated as "CONFIDENTIAL" or
21 "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party
22 to anyone other than those persons designated herein and shall be handled in the manner set
23 forth below and, in any event, shall not be used for any purpose other than in connection with
24 this litigation, unless and until such designation is removed either by agreement of the
25 parties, or by order of the Court.
26    8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be
27 viewed only by counsel (as defined in paragraph 3) of the receiving party, and by experts
28 under the conditions set forth in this Paragraph. The right of any expert to receive any

1  Confidential Information shall be subject to the advance approval of such expert by the
2  producing party or by permission of the Court. The party seeking approval of an expert shall
3  provide the producing party with the name and curriculum vitae of the proposed expert, and
4  an executed copy of the form attached hereto as Exhibit A, in advance of providing any
5  Confidential Information of the producing party to the expert. Any objection by the
6  producing party to an expert receiving Confidential Information must be made in writing
7  within fourteen (14) days following receipt of the identification of the proposed expert.
8  Confidential Information may be disclosed to an expert if the fourteen (14) day period has
9  passed and no objection has been made. The approval of experts shall not be unreasonably
10 withheld.

11       9.      Information designated "CONFIDENTIAL" shall be viewed only by counsel
12 (as defined in paragraph 3) of the receiving party, by experts (pursuant to the terms of
13 paragraph 8), and by the additional individuals listed below, provided each such individual
14 has read this Order in advance of disclosure and has agreed in writing to be bound by its
15 terms:

16       (a)   Executives who are required to participate in policy decisions with
17             reference to this action;
18       (b)   Technical personnel of the parties with whom Counsel for the parties
19             find it necessary to consult, in the discretion of such counsel, in
20             preparation for trial of this action; and Stenographic and clerical
21             employees associated with the individuals identified above.

22       10.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL
23 - FOR COUNSEL ONLY," any person indicated on the face of the document to be its
24 originator, author or a recipient of a copy thereof, may be shown the same.

25       11.     All information which has been designated as "CONFIDENTIAL" or
26 "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any
27 and all reproductions thereof, shall be retained in the custody of the counsel for the receiving
28 party identified in paragraph 3, except that experts authorized to view such information

under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including Civ. L.R. 79.2, with respect to filing documents under seal in this Court.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries

1  thereof, or shall destroy same at the option of the receiving party, and shall purge all such
2  information from all machine-readable media on which it resides. Notwithstanding the
3  foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and
4  other documents filed with the Court that refer to or incorporate Confidential Information,
5  and will continue to be bound by this Order with respect to all such retained information.
6  Further, attorney work product materials that contain Confidential Information need not be
7  destroyed, but, if they are not destroyed, the person in possession of the attorney work
8  product will continue to be bound by this Order with respect to all such retained
9  information.

10      22.    The restrictions and obligations set forth herein shall not apply to any
11  information that: (a) the parties agree should not be designated Confidential Information; (b)
12  the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the
13  Court rules, has become public knowledge other than as a result of disclosure by the
14  receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall
15  come into the receiving party's legitimate knowledge independently of the production by the
16  designating party. Prior knowledge must be established by pre-production documentation.

17      23.    The restrictions and obligations herein shall not be deemed to prohibit
18  discussions of any Confidential Information with anyone if that person already has or obtains
19  legitimate possession thereof.

20      24.    Transmission by facsimile is acceptable for all notification purposes herein.

21      25.    This Order may be modified by agreement of the parties, subject to approval by
22  the Court.

23      26.    The Court may modify the terms and conditions of this Order for good cause,
24  or in the interest of justice, or on its own order at any time in these proceedings. The parties
25  prefer that the Court provide them with notice of the Court's intent to modify the Order and
26  the content of those modifications, prior to entry of such an order.
27  / / /
28  / / /

1  AGREED AND ACCEPTED:

4  Date: June 24, 2008         By:   s/Dan Lawton
                                     Attorney for Plaintiff

7  Date: June 24, 2008         By:   s/Roger N. Behle
                                     Attorney for Defendants