1  Dan Lawton (State Bar No. 127342)
   Joseph C. Kracht (State Bar No. 228507)
2  Matt Valenti (State Bar No. 253978)
   Lisa M. Pisano (State Bar No. 256882)
3  LAWTON LAW FIRM
   Emerald Plaza
4  402 West Broadway, Suite 1860
   San Diego, CA 92101
5  (619) 595-1370
   (619) 595-1520 (Telefacsimile Number)
6  dlawton@lawtonlaw.com (electronic mail)

7  Attorneys for Plaintiff AntiCancer, Inc.

8

9

10                 UNITED STATES DISTRICT COURT

11            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  ANTICANCER, INC., a California        )   Case No. 07CV2294L (BLM)
    corporation,                          )
14                                        )
            Plaintiff,                    )   REPLY DECLARATION OF ROBERT M.
15                                        )   HOFFMAN IN SUPPORT OF MOTION
    v.                                    )   OF PLAINTIFF ANTICANCER, INC.
16                                        )   FOR PARTIAL SUMMARY JUDGMENT
    TECO DIAGNOSTICS, a California        )   OF PATENT INFRINGEMENT BY
17  corporation; KC CHEN, a natural person; )  DEFENDANT TECO DIAGNOSTICS
    TONG CHIAH, a natural person; JIAN    )
18  YANG VAECHES, a natural person; and   )
    DOES 1-30,                            )   Date:      July 21, 2008
19                                        )   Time:      10:30 a.m.
            Defendants.                   )   Place:     Courtroom 14
20                                        )   Judge:     Hon. M. James Lorenz
    _____      )
21

22         I, Robert M. Hoffman, declare:

23         1.     I am the founder and President of AntiCancer, Inc. Everything in this

24  declaration is true and correct of my own personal knowledge, and if called to testify in Court

25  I could and would testify competently thereto. I make this declaration in response to the

26  defendant Teco's Memorandum of Points and Authorities in Opposition to AntiCancer's

27  Motion for Partial Summary Judgment. In this declaration I do not reiterate anything said in

28

1  my previous declaration (of May 8, 2008), but instead limit my comments to Teco's

2  opposition.

3      2.    In its opposition papers, Teco refers several times to the Product Exclusive

4  Agreement ("PEA").  The PEA was never signed or agreed upon in any way, and so does not

5  have any bearing on the relationship between Teco and AntiCancer.

6      3.    I never indicated to KC Chen or Tong Chiah, whether by nodding my head or

7  saying "okay," that Teco had permission to put Teco's label on AntiCancer's HA Kit.

8  Furthermore, I never agreed that Teco had permission to distribute a flyer showing pictures

9  of AntiCancer's kit (with Teco branding) at the MEDICA meeting in Germany, at the

10  American Association for Clinical Chemistry conference in San Diego ("AACC"), or to be

11  posted on Teco's website or advertised in Clinical Laboratory International.

12      4.    The "Flyer" at issue was not only distributed in Germany in November of 2006,

13  but at least once more at the AACC conference in San Diego from July 15 through 19, 2007.

14  A true and correct copy of a photograph showing Teco's booth at AACC with the flyers

15  prominently displayed is attached herein as Exhibit K.  This flyer was demonstrating a so-

16  called "product of Teco."  In fact, the CEO of Teco was present at the booth, and told me and

17  Morrison and Foerster attorneys David Doyle and Steven Comer that Teco was offering the

18  kit for sale "worldwide."

19      5.    At many times throughout their opposition, Teco refers to the relationship

20  between Teco and AntiCancer as a "joint venture" or "partnership."  There was no such

21  relationship.  As mentioned in paragraph 3 above, the PEA was never signed.  Teco and

22  AntiCancer never came to an agreement regarding their business relationship.  AntiCancer

23  was not a joint venturer or partner with Teco at any time during their dealings, nor did

24  AntiCancer ever grant Teco a license or imply that it granted Teco a license.

25      6.    Teco has stated that the AntiCancer did not allege when negotiations broke

26  down.  That is not true.  In my May 8, 2008 declaration in support of the present motion, in

27  paragraph 8, I stated that Tong Chiah contacted AntiCancer and informed us that Teco was

28  no longer interested in pursuing a deal with us.  More specifically, Tong Chiah spoke with Li

1   Tang and told her that Teco did not want to work with AntiCancer because AntiCancer's HA

2   Kit did not work.

3         7.      Teco has claimed that it did not offer to sell AntiCancer's kit because none of

4   their marketing materials had a price.  It is an industry standard in the medical diagnostics

5   field to advertise products without a price, especially for very specialized kits like

6   AntiCancer's HA Kit.  This is because the range of prices for diagnostics kits is enormous

7   depending on the buyer's country and how many kits a buyer orders.  Therefore, it is typical

8   for diagnostics companies like both AntiCancer and Teco to determine price on a case-by-

9   case basis and not include pricing information on websites or in product catalogs.

10        8.      I declare under the pains and penalties of perjury under the laws of the United

11  States that the foregoing is true and correct and that I have executed this declaration this 14th

12  day of July, 2008 at San Diego, California.

13

14
                              s/ Robert M. Hoffman
15                            Robert M. Hoffman

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07CV2294L(BLM)

3

# EXHIBIT "K"

